WELSH DEVELOPMENT COMPANY, INC. ET AL., APPELLANTS, *v.* WARREN COUNTY REGIONAL PLANNING COMMISSION, APPELLEE.

[Cite as *Welsh Dev. Co., Inc. v. Warren Cty. Regional Planning Comm.,* **128 Ohio St.3d 471, 2011-Ohio-1604.**]

*Administrative appeals — R.C. 2505.04 — Filing of notice of appeal — Service of notice by clerk of courts.*

(Nos. 2010-0611 and 2010-0858 — Submitted February 2, 2011 — Decided April 7, 2011.)

APPEAL from and CERTIFIED by the Court of Appeals for Warren County, No. CA2009-07-101, 186 Ohio App.3d 56, 2010-Ohio-592.

_____

### SYLLABUS OF THE COURT

An administrative appeal is considered filed and perfected for purposes of R.C. 2505.04 if the clerk of courts serves upon the administrative agency a copy of the notice of the appeal filed in the court of common pleas and the administrative agency is served within the time period prescribed by R.C. 2505.07.

_____

**O'CONNOR, C.J.**

{¶ 1}  In this appeal, we are asked to decide whether a service of summons by a clerk of courts upon an administrative agency, together with a copy of a notice of appeal filed in the common pleas court, is sufficient to perfect an administrative appeal pursuant to R.C. 2505.04 if the agency receives the notice within the time prescribed by R.C. 2505.07. For the reasons stated below, we reaffirm and clarify our decision in *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 204, 12 O.O.3d 198, 389 N.E.2d 1113, by holding that

an administrative appeal is perfected pursuant to R.C. 2505.04 when a party files a notice of appeal with the clerk of courts with instructions to serve a copy of the complaint and notice of the appeal on the administrative agency and the agency is served and receives notice of the appeal within the time period set forth in R.C. 2505.07.

**Relevant Background**

{¶ 2} Welsh Development Company, Inc. ("Welsh") is an Ohio corporation with its principal place of business in Harrison, Ohio. Daniel and Angela Proeschel, Robert and Mary Proeschel, and Jeraldine and Karl Hoffer are all residents of Ohio. In 2004, Welsh obtained options to purchase the Proeschels' and the Hoffers' properties for the development of a subdivision of single-family homes.

{¶ 3} Soon after Welsh entered into the purchase agreements, it began moving forward with its plan for the development of the property. The plan consisted of two phases. On February 1, 2005, Welsh submitted an application for approval of a preliminary plat for Phase I to the Warren County Regional Planning Commission ("WCRPC"). On February 24, 2005, the WCRPC executive committee denied approval of the preliminary plat for Phase I. On March 1, 2005, the executive director of WCRPC informed Welsh of the planning commission's decision.

{¶ 4} On March 25, 2005, Welsh and the property owners filed a complaint and notice of appeal in the Warren County Court of Common Pleas against WCRPC for its denial of Phase I. The notice and complaint contained a praecipe for the clerk of courts to serve WCRPC by certified mail. WCRPC was served on March 28, 2005. An unfiled courtesy copy of the initial pleadings was sent to the Warren County assistant prosecutor, which he received on March 24, 2005.

**{¶ 5}** On March 1, 2005, Welsh submitted an application for approval of a preliminary plat to the WCRPC for Phase II. On March 24, 2005, the WCRPC approved the preliminary plat for Phase II subject to Welsh's dedication of an interior collector thoroughfare. Welsh and the property owners objected to the conditional approval, arguing that Phase II should have been approved without the requirement of the interior collector street.

**{¶ 6}** On April 25, 2005, Welsh and the property owners filed another notice of appeal and complaint in the Warren County Court of Common Pleas for WCRPC's conditional approval of Phase II. The notice and complaint contained a praecipe for service upon WCRPC by certified mail. Service was completed on April 27, 2005, and the Warren County assistant prosecutor received an unsigned courtesy copy of this initial pleading on April 25, 2005. The cases were subsequently consolidated.

**{¶ 7}** In its answers to both cases, WCRPC raised the affirmative defense that Welsh and the property owners had failed to exhaust their administrative remedies. WCRPC then moved to dismiss both of the administrative appeals on grounds that although Welsh and the property owners had served their notices of appeal upon WCRPC within 30 days of the final decisions being appealed, the property owners in both instances had failed to file notices of appeal with the WCRPC as required by R.C. 2505.04.

**{¶ 8}** The magistrate found that the property owners had failed to properly file their notices of appeal with the WCRPC in accordance with R.C. 2505.04. The magistrate therefore concluded that the Warren County Court of Common Pleas was without subject-matter jurisdiction to entertain the administrative appeals and dismissed the appeals.

**{¶ 9}** WCRPC, Welsh, and the property owners filed objections to the magistrate's decision. The trial court overruled the parties' objections and adopted the magistrate's decision.

**{¶ 10}** On January 31, 2008, Welsh attempted to voluntarily dismiss the remaining causes of action pursuant to Civ.R. 41(A)(1)(a). WCRPC filed a motion to dismiss the appeal for lack of subject-matter jurisdiction, which the Twelfth District Court of Appeals granted, holding that Welsh could not create a final, appealable order by filing a voluntary dismissal as to the remaining claims. *Welsh Dev. Co., Inc. v. Warren Cty. Regional Planning Comm.*, Warren App. No. CA2008-02-026, 2009-Ohio-1158.

**{¶ 11}** Following remand, Welsh moved for leave to file amended consolidated complaints, which the trial court granted. Welsh filed its amended complaints to eliminate the unadjudicated claims. Welsh then filed its second notice of appeal to the Twelfth District, raising two assignments of error.

**{¶ 12}** In overruling Welsh's two assignments of error, the appellate court refused to extend *Dudukovich* and hold that timely service upon an administrative agency with a copy of a notice of appeal satisfied the explicit requirements set forth in R.C. 2505.04. The court of appeals also held that service on the adverse party's counsel, despite a close relationship between counsel and the agency, is insufficient to satisfy R.C. 2505.04.

**{¶ 13}** Welsh appealed to this court for discretionary review and secured an order from the court of appeals certifying that its decision in this case is in conflict with that of other courts of appeals, namely the Second and Sixth Appellate Districts. We granted discretionary review, 125 Ohio St.3d 1461, 2010-Ohio-2753, 928 N.E.2d 737, and recognized the conflict, 125 Ohio St.3d 1460, 2010-Ohio-2753, 928 N.E.2d 737, which presents the following question: "Is a service of summons by a clerk of courts upon an administrative agency, together with a copy of a notice of appeal filed in the common pleas court, sufficient to perfect an administrative appeal pursuant to R.C. 2505.04 as long as the agency receives the notice within the time prescribed by R.C. 2505.07?" We answer the question affirmatively and hold that an administrative appeal is

considered filed and perfected for purposes of R.C. 2505.04 if the clerk of courts serves upon the administrative agency a copy of the notice of the appeal filed in the court of common pleas and the administrative agency is served within the time period prescribed by R.C. 2505.07. Accordingly, we reverse the judgment of the court of appeals.

### Analysis

*Dudukovich v. Lorain Metro. Hous. Auth.*

{¶ 14} We have held repeatedly that when the right to appeal is conferred by statute, an appeal can be perfected only in the manner prescribed by the applicable statute. E.g., *McCruter v. Bur. of Emp. Servs. Bd. of Review* (1980), 64 Ohio St.2d 277, 279, 18 O.O.3d 463, 415 N.E.2d 259, citing *Zier v. Bur. of Unemp. Comp.* (1949), 151 Ohio St. 123, 38 O.O. 573, 84 N.E.2d 746, paragraph one of the syllabus.

{¶ 15} R.C. 2505.04 governs the manner in which an administrative appeal is perfected. It provides:

{¶ 16} "An appeal is perfected when a written notice of appeal is filed, in the case of an appeal of a final order, judgment, or decree of a court, in accordance with the Rules of Appellate Procedure or the Rules of Practice of the Supreme Court, or, in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved."

{¶ 17} In *Dudukovich*, we addressed whether a party had sufficiently complied with R.C. 2505.04 by mailing a copy of the notice of appeal to an agency. *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d at 203, 12 O.O.3d 198, 389 N.E.2d 1113. *Dudukovich* presented an employee who had appealed her termination from the employ of a municipal housing authority. The agency challenged the trial court's assumption of jurisdiction and contended that

the employee had not properly filed a notice of appeal from the agency's decision by mailing the notice of appeal directly to the municipal housing authority.

{¶ 18} We held: "[T]he act of depositing the notice in the mail, in itself, does not constitute a 'filing,' at least where the notice is not received until after the expiration of the prescribed time limit. Rather, 'the term "filed" * * * requires actual delivery * * *.' However, no particular method of delivery is prescribed by the statute. Instead, as was aptly stated in *Columbus v. Arlington* (1964), 94 Ohio Law Abs. 392, 397, 31 O.O.2d 351, 201 N.E.2d 305, 'any method productive of certainty of accomplishment is countenanced.' Having considered [the employee's] method of service, we find that simply '[b]ecause the manner of delivery is unusual does not make it illegal.' " (Citations omitted.) Id. at 204, 12 O.O.3d 198, 389 N.E.2d 1113, quoting *Fulton v. State ex rel. Gen. Motors Corp.* (1936), 130 Ohio St. 494, 5 O.O. 142, 200 N.E. 636, paragraph one of the syllabus.

{¶ 19} We then held that "there [was] evidence in the record that [the housing authority] did eventually receive the mailed copy of the notice," and thus the salient question was "whether it received the notice within the * * * time limit prescribed" by R.C. 2505.07. Id. at 205, 12 O.O.3d 198, 389 N.E.2d 1113. In so doing, we held that the "presumption of timely delivery * * * should control." Id. Because the "copy of the notice of appeal was sent by certified mail, to a destination within the same city, five days prior to the expiration of the statutory time limit," and the housing authority "presented no evidence of late delivery," we concluded that "a presumption of timely delivery controls." Id. Thus, we held in *Dudukovich* that the trial court "correctly assumed jurisdiction." Id.

*Conflicting Decisions of Appellate Courts Interpreting R.C. 2505.04*

{¶ 20} Since our holding in *Dudukovich*, appellate courts frequently have interpreted R.C. 2505.04 and have considered whether an administrative appeal is perfected through a clerk of courts' service of a notice of appeal on an agency.

The appellate courts that have interpreted this issue have reached conflicting results.

{¶ 21} Some appellate courts have narrowly construed our holding in *Dudukovich* by distinguishing between the terms "service" and "filing." These appellate courts hold that a clerk of courts' service of a notice of appeal upon an administrative agency is not a filing of an appeal with the agency for purposes of perfecting an administrative appeal pursuant to R.C. 2505.04.

{¶ 22} These appellate courts hold that a party who uses the clerk of courts to serve the notice of appeal upon the agency has not filed an appeal and therefore has not perfected a notice of appeal as required by R.C. 2505.04. See, e.g., *Black-Dotson v. Obetz*, Franklin App. No. 06AP-112, 2006-Ohio-5301, 2006 WL 2869543 (holding that a taxpayer who filed her notice of appeal with the trial court and requested that the clerk mail the notice of appeal to the village failed to perfect her appeal, as service is not the filing of an appeal with the administrative agency); *Jura v. Hudson*, Summit App. No. 22135, 2004-Ohio-6743, 2004 WL 2896415 (holding that service of the complaint by the trial court on the board of zoning appeals was not sufficient to comply with the procedures set forth in R.C. 2505.04, because the property owner failed to send a copy of her notice of appeal in any fashion to the board of zoning appeals); *Genesis Outdoor Advertising v. Deerfield Twp. Bd. of Zoning Appeals*, Portage App. No. 2001-P-0137, 2002-Ohio-7272, 2002 WL 31886723 (stating that service is not equivalent to filing a notice of appeal for the purpose of satisfying the filing requirement of R.C. 2505.04, but holding that a citizen who mailed his notice of appeal directly to the secretary of the board of zoning appeals within the time for appeal did file his notice with the board); *Guysinger v. Chillicothe Bd. of Zoning Appeals* (1990), 66 Ohio App.3d 353, 584 N.E.2d 48 (holding that a notice that was filed with the common pleas court and then served on the board of zoning appeals was not filed "in the place designated" by R.C. 2505.04 and therefore was not sufficient to

satisfy the jurisdictional requirement of the statute); *Patrick Media Group, Inc. v. Cleveland Bd. of Zoning Appeals* (1988), 55 Ohio App.3d 124, 562 N.E.2d 921 (holding that a party failed to perfect its appeal when it filed its notice of appeal from a board of zoning appeals' decision with the common pleas court but did not mail a copy to the city board of zoning appeals itself or otherwise file it with the board and that the party's service on the city's law director did not satisfy its statutory obligation to file the notice with the board itself); *Jacobs v. Marion Civ. Serv. Comm.* (1985), 27 Ohio App.3d 194, 27 OBR 233, 500 N.E.2d 321 (holding that a notice of appeal that is filed in the court of common pleas with service of a copy on the civil service commission does not perfect the appeal and is insufficient to confer jurisdiction on the trial court).

{¶ 23} Here, the Twelfth District followed the same analyses set forth by the foregoing precedent and interpreted *Dudukovich* narrowly, distinguishing between service and filing for purposes of R.C. 2505.04. As the appellate court in this case stated:

{¶ 24} "As *Dudukovich* held, R.C. 2505.04 does not prescribe a method of delivery when filing the notice of appeal. The statute is explicit, however, in requiring that the notice be *filed* with the agency or board. As we have consistently held, a clerk's *service* of a notice of appeal upon the WCRPC is insufficient to confer jurisdiction on the common pleas court pursuant to R.C. 2505.04. Directing a clerk of courts to serve a copy of a notice of appeal upon an agency is not the equivalent of filing a notice of appeal with the agency from which a party is appealing, as expressly set forth in R.C. 2505.04." (Emphasis sic; citations omitted.) *Welsh Dev. Co., Inc. v. Warren Cty. Regional Planning Comm.*, 186 Ohio App.3d 56, 2010-Ohio-592, 926 N.E.2d 357, at ¶ 22.

{¶ 25} The Twelfth District further determined that extending *Dudukovich* would not only disturb precedent but would also encourage parties, such as Welsh

and the property owners, to disregard the strict guidelines of R.C. 2505.04 in order to perfect an administrative appeal. Id. at ¶ 34.

{¶ 26} But other appellate courts have interpreted our decision in *Dudukovich* broadly. In *Price v. Margaretta Twp. Bd. of Zoning Appeals*, Erie App. No. E-02-029, 2003-Ohio-221, a property owner filed his notice of appeal with the common pleas court and requested the clerk of courts to advise the board of zoning appeals of his appeal. The Sixth District held that "R.C. 2505.04, as interpreted by *Dudukovich*, imposes no prohibition of a timely copy of a notice of appeal from a clerk of courts to perfect an administrative appeal." Id. at ¶ 20. Thus, the court of appeals in *Price* held that the owner had properly perfected his appeal pursuant to R.C. 2505.04.

{¶ 27} In *Evans v. Greeneview Local School Dist.* (Jan. 4, 1989), Greene App. No. 88 CA 40, 1989 WL 569, students filed a notice of appeal with the clerk of courts. The clerk sent a copy of the notice of appeal by certified mail to the school district. The Second District concluded: "[I]n light of *Dudukovich*[,] * * * notice was timely and properly given to the School District. Since a copy of the notice of appeal was actually delivered to the School District, the notice of appeal was 'filed' with the School District." Id. at *2.

{¶ 28} As the dissent in the court of appeals in this case recognized, we have not interpreted R.C. 2505.04 since our decision in *Dudukovich*. Therefore, it is not surprising that so many appellate courts have reached conflicting decisions interpreting the statute. For the reasons that follow, we hold that the broad interpretation of *Dudukovich* endorsed by the Second and Sixth Districts is better reasoned in light of our precedent regarding notices of appeal.

*Application to This Case*

{¶ 29} Our decision to broadly interpret *Dudukovich* is consistent with our precedent setting forth the purpose of notices of appeals. We have long held that the purpose of a notice of appeal is to inform the opposing party of the taking of

an appeal. *Maritime Mfrs., Inc. v. Hi-Skipper Marina* (1982), 70 Ohio St.2d 257, 259, 24 O.O.3d 344, 436 N.E.2d 1034; see also *Wells v. Chrysler Corp.* (1984), 15 Ohio St.3d 21, 24, 15 OBR 18, 472 N.E.2d 331 (holding that the purpose of a notice of appeal is to set forth the names of the parties and to advise those parties that an appeal of a particular claim is forthcoming); *Couk v. Ocean Acc. & Guar. Corp.* (1941), 138 Ohio St. 110, 116, 20 O.O. 65, 33 N.E.2d 9, quoting *Capital Loan & Sav. Co. v. Biery* (1938), 134 Ohio St. 333, 339, 12 O.O. 128, 16 N.E.2d 450 ("the purpose of the notice of appeal is 'to apprise the opposite party of the taking of an appeal.' If this is done beyond danger of reasonable misunderstanding, the purpose of the notice of appeal is accomplished").

{¶ 30} When service of a notice of an appeal by the clerk of courts informs and apprises the administrative agency of the taking of an appeal, sets forth the names of the parties, and advises those parties that an appeal of a particular claim is forthcoming, the notice of appeal has satisfied its purpose and the legislative intent in R.C. 2505.04.

{¶ 31} Turning to the facts in the instant case, we hold that Welsh and the property owners "sufficiently complied" with R.C. 2505.04 by filing their complaints against WCRPC and notices of appeal in the Warren County Court of Common Pleas. The complaints and notices contained a praecipe for the clerk of courts to serve WCRPC by certified mail, and WCRPC received the service within the time prescribed by R.C. 2505.07 to file their appeals. Because copies of the notices of appeal and complaints were delivered timely to WCRPC, they were "filed" based on our definition of the term as set forth in *Fulton v. State ex rel. Gen. Motors Corp.* (1936), 130 Ohio St. 494, 5 O.O. 142, 200 N.E. 636, paragraph one of the syllabus ("The term 'filed' * * * requires actual delivery * * *").

{¶ 32} Furthermore, the service of the notice of appeal served its purpose because it informed and apprised WCRPC of the administrative appeal by Welsh

and the property owners. It is undisputed that the clerk of courts served WCRPC and that WCRPC received a copy of the notices of appeal and the complaint within the 30-day period prescribed by R.C. 2505.07. Because WCRPC received notice of the appeal within the prescribed time to file an administrative appeal, we hold that Welsh and the property owners perfected their appeal pursuant to R.C. 2505.04.

**{¶ 33}** Our holding today does not minify the statutory requirements of perfecting an appeal. In fact, our holding is consistent with our previous decisions delineating the purpose of filing a notice of appeal.

**{¶ 34}** Nor does our holding today mean that we are adopting a new rule of substantial compliance with respect to R.C. 2505.04. Our holding today is to explain what "filing" with an administrative agency means. We must read the actual statute when determining the procedure for filing an appeal, since an appeal can be perfected only in the mode prescribed by that statute. *Ramsdell v. Ohio Civ. Rights Comm.* (1990), 56 Ohio St.3d 24, 27, 563 N.E.2d 285.

**{¶ 35}** WCRPC challenges the process used here to invoke appellate jurisdiction and argues that the clerk of courts is not authorized to "file" a notice of an appeal with an administrative agency, although the clerk has the ability to make service of process. WCRPC reads R.C. 2505.04 to mean that an appellant must actually deliver the documents directly to the administrative agency; otherwise, there is no subject-matter jurisdiction. In the WCRPC's view, the identity of the actor is important, and the activity may not be delegated to the clerk of courts.

**{¶ 36}** Those appellate courts that have held that a clerk of courts could not file an appeal from an administrative order on behalf of the appellant have distinguished "filing" from "service" without the benefit of clear definitions of either term in the appellate rules. In the general sense, filing is actual delivery. It means taking a document to a clerk of courts for file-stamping as a court record.

*Zanesville v. Rouse,* 126 Ohio St.3d 1, 2010-Ohio-2218, 929 N.E.2d 1044, ¶ 7, vacated in part on reconsideration on other grounds, 126 Ohio St.3d 1227, 2010-Ohio-3754, 933 N.E.2d 260. "[H]istorically, 'filing' occurs when a person manually presents a paper pleading to the clerk of courts. See, e.g., *King v. Paylor* (1942), 69 Ohio App. 193, 196, 23 O.O. 594, 43 N.E.2d 313 ('a filing can only be accomplished by bringing the paper to the notice of the officer, so that it can be accepted by him as official custodian')." *Louden v. A.O. Smith Corp.*, 121 Ohio St.3d 95, 2009-Ohio-319, 902 N.E.2d 458,¶ 15.

{¶ 37} In *Zanesville,* we considered whether lack of a clerk's file-stamp would defeat the act of filing. We stated that the filing of a document does not depend on a clerk's certification, for the clerk's duty to certify arises only after a document has been presented: "A party 'files' by depositing a document with the clerk of court, and then the clerk's duty is to certify the act of filing. In short, the time or date stamp does not cause the filing; the filing causes the certification." *Zanesville* at ¶ 7.

{¶ 38} The concepts of service and filing both relate to notice, which is the crucial point. A person or entity is served when actual delivery is made to the intended target, usually a party to a lawsuit. Filing is accomplished when actual and timely delivery is made to the correct tribunal. No appellate rule makes the identity of the actor critical. And so, contrary to what WCRPC argues before us, nothing prevents a clerk who serves process from being requested by praecipe to transmit a complaint and notice of appeal to an administrative agency so that it may be deemed filed with that agency when it is received. The clerk is not an agent of the appellant. At most, the clerk is a delivery conduit in the same way as mail service or Federal Express.

{¶ 39} We are not redefining the word "filing" in holding that an administrative appeal may be perfected when a party files a notice of appeal with the clerk of courts accompanied by a praecipe for the clerk to serve the complaint

12

and notice of the appeal on the administrative agency. Filing does not occur until there is actual receipt by the agency within the time prescribed by R.C. 2505.07. Filing and service are still distinct terms.

{¶ 40} Practitioners should not be confused or think that filing under R.C. 2505.04 is accomplished only if the clerk of courts serves upon the administrative agency a copy of the notice of the appeal filed in the court of common pleas. The administrative agency must still receive the appropriate complaint and notice within 30 days after entry of the final administrative order. The appellant may use any method reasonably certain to accomplish delivery to the agency within the required 30 days, which is filing that satisfies the jurisdictional requirement for an administrative appeal.

{¶ 41} We hold today that the purpose of R.C. 2505.04 is to give timely notice of the appeal to the administrative agency.

Judgment reversed

and cause remanded.

PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Frost Brown Todd, L.L.C., Matthew C. Blickensderfer, Scott D. Phillips, and Benjamin J. Yoder, for appellants.

Surdyk, Dowd & Turner Co., L.P.A., Robert J. Surdyk, and Kevin A Lantz, for appellee.

_____