[Cite as *Frantz v. Wooster Planning Comm.*, 2011-Ohio-2197.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| DAMON FRANTZ | C.A. No. 10CA0014 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CITY OF WOOSTER, OHIO PLANNING COMMISSION | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO CASE No. 10CV0018 |
| Appellee | |

DECISION AND JOURNAL ENTRY

Dated: May 9, 2011

BELFANCE, Presiding Judge.

{¶1}   Damon Frantz appeals from the judgment of the Wayne County Court of Common Pleas dismissing his appeal from a decision of the City of Wooster, Ohio Planning Commission. For reasons that follow, we reverse.

I.

{¶2}   On January 7, 2010, Mr. Frantz filed a notice of appeal with the Wayne County Court of Common Pleas, appealing the Wooster Planning Commission's decision granting a conditional use for certain specified properties. He also asked the clerk of courts to serve the notice of appeal upon the Commission via certified mail. The Commission received the notice of appeal within the thirty day deadline for filing a notice of appeal set forth in R.C. 2505.07. Relying upon this Court's prior precedent, the trial court determined that the appeal was not timely perfected and dismissed the case. Mr. Frantz now appeals, presenting one assignment of error.

II.

ASSIGNMENT OF ERROR I

"THE TRIAL COURT ERRED IN DISMISSING THE ADMINISTRATIVE APPEAL ON THE GROUNDS THAT IT LACKED SUBJECT MATTER JURISDICTION."

{¶3} R.C. 2505.04 provides that "[a]n appeal is perfected when a written notice of appeal is filed, * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." It is undisputed that R.C. 2505.04 requires the notice of appeal from the Commission's decision to be filed with the Commission within the thirty day appeal period set forth in R.C. 2505.07. The issue before this Court is whether Mr. Frantz satisfied the filing requirement within the meaning of the statute.

{¶4} The clerk of court sent a summons and copy of the notice of appeal to the Commission via certified mail and the Commission received the notice of appeal before the time for perfecting the appeal had run. Mr. Frantz did not, however, separately mail his notice of appeal to the Commission. The Commission moved to dismiss, arguing the notice of appeal was not considered filed when the Commission received it from the clerk of court and so the appeal was not timely perfected pursuant to R.C. 2505.04.

{¶5} The trial court properly determined that the case was controlled by *Thrower v. City of Akron*, 9th Dist. No. 21061, 2002-Ohio-5943. In *Thrower*, this Court held that the filing requirement was not satisfied when the clerk of courts served the notice of appeal that had been filed in the common pleas court upon the agency, regardless of whether the agency received the notice within the time period for perfecting the appeal. Id. at ¶19.

**{¶6}** However, our holding in *Thrower* does not comport with *Welsh Dev. Co., Inc., v. Warren Cty. Regional Planning Comm.,* Slip Opinion No. 2011-Ohio-1604, a recent decision of the Ohio Supreme Court. In *Welsh*, the Supreme Court considered whether "a service of summons by a clerk of courts upon an administrative agency, together with a copy of a notice of appeal filed in the common pleas court, is sufficient to perfect an administrative appeal pursuant to R.C. 2505.04 if the agency receives the notice within the time prescribed by R.C. 2505.07." Id. at ¶1.

**{¶7}** Answering that question in the affirmative, the *Welsh* Court held:

"An administrative appeal is considered filed and perfected for purposes of R.C. 2505.04 if the clerk of courts serves upon the administrative agency a copy of the notice of the appeal filed in the court of common pleas and the administrative agency is served within the time period prescribed by R.C. 2505.07." Id. at syllabus.

**{¶8}** The *Welsh* holding abrogates *Thrower* and is dispositive in this case. As the parties do not dispute that the Commission received timely actual delivery of the notice of appeal, the appeal was timely filed and perfected. Id.

**{¶9}** Because Mr. Frantz's appeal was timely filed and perfected, his single assignment of error is sustained and the trial court's judgment granting the motion to dismiss is reversed.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

CARR, J.
MOORE, J.
CONCUR

APPEARANCES:

BRUCE M. BROYLES, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Director of Law, for Appellee.