[Cite as *Yeager v. Mansfield*, 2012-Ohio-2908.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| CARL YEAGER | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 2011 CA 0085 |
| CITY OF MANSFIELD, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Richland County Court of
                             Common Pleas, Case No. 2011 CV 0450



JUDGMENT:                    AFFIRMED



DATE OF JUDGMENT ENTRY:      June 25, 2012



APPEARANCES:

For Appellant:                           For Appellees:

BYRON D. CORLEY                          JOHN R. SPON
3 North Main Street                      LAW DIRECTOR
Suite 714                                City of Mansfield
Mansfield, OH 44902                      30 N. Diamond St.
                                         Mansfield, OH 44902


*Delaney, P.J.*

{¶1} Plaintiff-Appellant Carl Yeager appeals the August 24, 2011 judgment entry of the Richland County Court of Common Pleas adopting the July 25, 2011 Magistrate's Decision dismissing Yeager's administrative appeal for lack of jurisdiction.

### FACTS AND PROCEDURAL HISTORY

{¶2} On December 24, 2007, the City of Mansfield issued a demolition order for the property located at 462 Lily Street in Mansfield, Ohio. Yeager is the owner of the property. Yeager appealed the demolition order to the Mansfield City Planning Commission.

{¶3} On March 11, 2011, the Mansfield City Planning Commission denied Yeager's appeal of the demolition order.

{¶4} Yeager filed a Complaint for Preliminary Injunction on April 8, 2011 with the Richland County Court of Common Pleas. The administrative appeal named the Appellants City of Mansfield and the members of the Mansfield City Planning Commission as defendants. The Richland County Clerk of Courts served the City of Mansfield with the administrative appeal on April 13, 2011.

{¶5} The City of Mansfield filed a Motion to Dismiss on April 18, 2011. The motion argued pursuant to R.C. 2505.04 and R.C. 2505.07, Yeager did not properly perfect his appeal because the administrative agency was served with the appeal on April 13, 2011, 33 days after the final order of the Mansfield City Planning Commission. This was not within 30 days of the final order of the Mansfield City Planning Commission; therefore, Yeager's administrative appeal should be dismissed for lack of subject matter jurisdiction. The City's argument was based in part on the

Ohio Supreme Court decision, *Welsh Dev. Co. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, 946 N.E.2d 215, issued March 29, 2011.

{¶6} Yeager filed a response on April 26, 2011. Yeager argued *Welsh* was not applicable to his case because the final order was issued on March 11, 2011 and *Welsh* was decided on March 29, 2011.

{¶7} The case was assigned to the magistrate. On March 25, 2011, the magistrate held an evidentiary hearing on the City's Motion to Dismiss.

{¶8} The magistrate issued his magistrate's decision on July 25, 2011. The magistrate applied *Welsh* and found Yeager did not comply with R.C. 2505.07. The magistrate recommended the City's Motion to Dismiss be granted for lack of jurisdiction of the administrative appeal. The magistrate's decision contained the requisite Civ.R. 53 language notifying the parties of the right to file objections to the decision.

{¶9} No objections were filed. On August 24, 2011, the trial court adopted the July 25, 2011 magistrate's decision and entered judgment.

{¶10} It is from this decision Yeager now appeals.

### ASSIGNMENT OF ERROR

{¶11} Yeager raises one Assignment of Error:

{¶12} "WHETHER YEAGER IS ENTITLED TO RELIEF FROM THE TRIAL COURT'S DENIAL OF PRELIMINARY INJUNCTION."

**ANALYSIS**

{¶13} Yeager argues in his sole Assignment of Error the trial court erred in dismissing his administrative appeal. We disagree.

*FAILURE TO OBJECT TO MAGISTRATE'S DECISION*

{¶14} The underlying case was assigned to the magistrate. On March 25, 2011, the magistrate held an evidentiary hearing on the City's Motion to Dismiss. The magistrate issued his decision on July 25, 2011, recommending the motion to dismiss be granted. The magistrate's decision included the requisite Civ.R. 53 language, which stated: "Within fourteen (14) days of the filing of a magistrate's order, a party may file written objections to the magistrate's order. Objections shall be specific and state with particularity the grounds of objection. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law in that decision unless the party timely and specifically objects to that finding or conclusion as required by Civ.R. 53(E)(3)."

{¶15} Yeager did not file an objection to the magistrate's decision. On August 24, 2011, the trial court adopted the decision of the magistrate and entered judgment in the case.

{¶16} When a party fails to file objections to a magistrate's decision, Civ.R. 53(D)(3)(b)(iv) provides that "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." *Postel v. Koksal,* 5th Dist. No. 08–COA–0002, 2009–Ohio–252, ¶ 25.

{¶17} We note, however, that authority exists in Ohio law for the proposition that Yeager's failure to object to the magistrate's decision does not bar appellate review for "plain error." *In re Lemon,* 5th Dist. No. 2002 CA 00098, 2002–Ohio–6263. The doctrine of plain error is limited to exceptionally rare cases in which the error, left unobjected to at the trial court, "rises to the level of challenging the legitimacy of the underlying judicial process itself." *See Goldfuss v. Davidson,* 79 Ohio St.3d 116, 122, 1997–Ohio–401, 679 N.E.2d 1099.

{¶18} We will review Yeager's Assignment of Error under the plain error doctrine.

*COMPLIANCE WITH R.C. 2505.04 AND R.C. 2505.07*

{¶19} "[W]hen the right to appeal is conferred by statute, an appeal can be perfected only in the manner prescribed by the applicable statute." *Welsh*, 128 Ohio St.3d 471, 2011-Ohio-1604, 946 N.E.2d 215, ¶ 14 citing *McCruter v. Bur. Of Emp. Servs. Bd. Of Review*, 64 Ohio St.2d 277, 279, 415 N.E.2d 259 (1980).

{¶20} R.C. 2504.04 governs the manner in which an administrative appeal is perfected. The statute reads:

> An appeal is perfected when a written notice of appeal is filed, in the case of an appeal of a final order, judgment, or decree of a court, in accordance with the Rules of Appellate Procedure or the Rules of Practice of the Supreme Court, or, in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved.

{¶21} R.C. 2505.07 requires a party wishing to appeal an administrative decision to perfect his appeal within 30 days after the administrative body enters that decision.

{¶22} "The requirements of R.C. 2505.04 and 2505.07 are jurisdictional rather than merely procedural." *Deaconess Hosp. v. Ohio Dept. Job & Family Servs.*, 10th Dist. No. 11AP-259, 2012-Ohio-95, ¶ 15 citing *Roberts v. Pleasant Local School Dist. Bd. of Edn.*, 3rd Dist. No. 9–11–04, 2011–Ohio–4560, ¶ 13.

{¶23} The issue of how an administrative appeal is perfected was discussed in *Welsh Dev. Co. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, 946 N.E.2d 215. The Ohio Supreme Court held:

> An administrative appeal is considered filed and perfected for purposes of R.C. 2505.04 if the clerk of courts serves upon the administrative agency a copy of the notice of the appeal filed in the court of common pleas and the administrative agency is served within the time period prescribed by R.C. 2505.07.

*Welsh, supra*, at the syllabus.

{¶24} In *Welsh*, the Ohio Supreme Court recognized there was a conflict in the appellate districts as to whether an administrative appeal is perfected through a clerk of courts' service of a notice of appeal on an agency or whether the party must file the notice of the appeal directly with the administrative agency. The question before the Court in *Welsh* was: "Is a service of summons by a clerk of courts upon an administrative agency, together with a copy of a notice of appeal filed in the common pleas court, sufficient to perfect an administrative appeal pursuant to R.C. 2504.04 as

long as the agency receives the notice within the time prescribed by R.C. 2505.07?" *Welsh, supra* at ¶ 13. As stated above, the Court answered the question affirmatively. *Id.* The question in *Welsh* went directly to the method of delivery of the notice of appeal pursuant to R.C. 2504.04.

{¶25} *Welsh*, however, did not address the time requirement in R.C. 2505.07. *Welsh* made no clarification or adjustment to R.C. 2505.07, which states an appeal must be perfected within 30 days from the date of the final order.

{¶26} The Court stated:

> We are not redefining the word "filing" in holding that an administrative appeal may be perfected when a party files a notice of appeal with the clerk of courts accompanied by a praecipe for the clerk to serve the complaint and notice of the appeal on the administrative agency. Filing does not occur until there is actual receipt by the agency within the time prescribed by R.C. 2505.07. Filing and service are still distinct terms.
>
> Practitioners should not be confused or think that filing under R.C. 2505.04 is accomplished only if the clerk of courts serves upon the administrative agency a copy of the notice of the appeal filed in the court of common pleas. The administrative agency must still receive the appropriate complaint and notice within 30 days after entry of the final administrative order. The appellant may use any method reasonably certain to accomplish delivery to the agency within the required 30 days,

which is filing that satisfies the jurisdictional requirement for an administrative appeal.

*Welsh, supra* at ¶ 39-40.

{¶27} Yeager argues that *Welsh* is not applicable to his administrative appeal because it was decided on March 29, 2011, which was after the final order was entered in this case on March 11, 2011. The record shows that Yeager in fact complied with *Welsh* by having the Richland County Clerk of Courts serve the notice of appeal upon the City. A close examination of this case reveals we are not presented with the question of whether *Welsh* is applicable to Yeager. The issue in this case is whether Yeager complied with the time requirement found in R.C. 2505.07.

{¶28} In this case, the final order was entered on Friday, March 11, 2011. Thirty days from Friday, March 11, 2011 was Sunday, April 10, 2011. Under R.C. 1.14, "[t]he time within which an act is required by law to be done shall be computed by excluding the first and including the last day; except that, when the last day falls on Sunday or a legal holiday, the act may be done on the next succeeding day that is not Sunday or a legal holiday." Therefore, Yeager was required to perfect his appeal by Monday, April 11, 2011. The City received service of Yeager's administrative appeal on April 13, 2011.

{¶29} The record shows that the City did not receive the administrative appeal within 30 days of the March 11, 2011 final order as required by R.C. 2505.07. Thus, Yeager did not properly invoke the jurisdiction of the common pleas court. We find no plain error in the trial court's decision to dismiss Yeager's administrative appeal.

## CONCLUSION

{¶30} For the foregoing reasons, Yeager's sole Assignment of Error is overruled.

{¶31} The judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Hoffman, J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE


PAD:kgb

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|                                      |   |                      |
|--------------------------------------|---|----------------------|
| CARL YEAGER                          | : |                      |
|                                      | : |                      |
|   Plaintiff - Appellant    | : | JUDGMENT ENTRY       |
|                                      | : |                      |
|                                      | : |                      |
| -vs-                                 | : |                      |
|                                      | : | Case No.   2011 CA 0085 |
| CITY OF MANSFIELD, et al.            | : |                      |
|                                      | : |                      |
|   Defendants-Appellees     | : |                      |
|                                      | : |                      |

For the reasons stated in our accompanying Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to Appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE