[Cite as *Rushworth v. Hinckley Twp. Bd. of Zoning Appeals*, 2021-Ohio-2230.]

STATE OF OHIO        )
                       )ss:
COUNTY OF MEDINA     )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

SCOTT AND LISA RUSHWORTH

    Appellants

    v.

BOARD OF ZONING APPEALS,
HINCKLEY TOWNSHIP

    Appellee

C.A. No.      20CA0073-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    20CIV0677

DECISION AND JOURNAL ENTRY

Dated: June 30, 2021

TEODOSIO, Judge.

**{¶1}** Lisa and Scott Rushworth appeal the judgment of the Medina County Court of Common Pleas dismissing their appeal of a Hinckley Township Board of Zoning Appeals decision. We affirm.

I.

**{¶2}** On July 22, 2020, the Hinckley Township Board of Zoning Appeals ("BZA") conducted a public hearing and issued a decision granting two variances in favor of applicant John Sumodi. Due to an error incorrectly stating the length of the second variance, a special meeting was conducted on August 12, 2020, and an amended decision correcting the error and granting the variance was issued. The minutes to the special meeting indicated that at the conclusion of the hearing, the decision was signed and a copy given to Mr. Sumodi. The minutes to both the July 22 meeting and the August 12 meeting were signed and approved on August 12, 2020.

{¶3}    On September 10, 2020, Lisa and Scott Rushworth, who live adjacent to Mr. Sumodi's property, filed a notice of appeal from the BZA's decision in the Medina County Court of Common Pleas.  The Rushworths had appeared at both the initial public hearing and the subsequent special meeting to oppose the granting of Mr. Sumodi's requested variances.  On September 23, 2020, the Rushworths filed instructions for the Clerk of Courts to serve a copy of the notice of appeal by certified mail upon the BZA.  Subsequently, the BZA motioned the Court of Common Pleas to dismiss the appeal for lack of jurisdiction, arguing that the appeal was not filed within 30 days of the decision and was therefore never perfected in accordance with R.C. 2505.04.  The Rushworths filed a response in opposition to the motion.  On November 16, 2020, the Court of Common Pleas granted the BZA's motion and dismissed the case for lack of jurisdiction.

{¶4}    The Rushworths now appeal to this Court, raising one assignment of error.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DISMISSING THE APPELLANTS' ADMINISTRATIVE APPEAL AS UNTIMELY.

{¶5}    In their assignment of error, the Rushworths argue the trial court erred in dismissing their administrative appeal as untimely.  We do not agree.

{¶6}    The dismissal of a case for lack of subject matter jurisdiction "'inherently raises questions of law,'" which requires a de novo review.  *Servpro v. Kinney*, 9th Dist. Summit No. 24969, 2010-Ohio-3494, ¶ 11, quoting *Exchange St. Assocs., L.L.C. v. Donofrio*, 187 Ohio App.3d 241, 2010-Ohio-127, ¶ 4 (9th Dist.).  "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination."  *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

{¶7} "[W]hen the right to appeal is conferred by statute, an appeal can be perfected only in the manner prescribed by the applicable statute." *Welsh Dev. Co. Inc. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, ¶ 14. R.C. 2505.04, in pertinent part, sets forth the procedure for perfecting an administrative appeal: "An appeal is perfected when a written notice of appeal is filed * * * with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." Further, R.C. 2505.07 provides: "After the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days." If the procedure set forth by R.C. 2505.04 is not followed, then the common pleas court does not have jurisdiction to hear the appeal and must dismiss it. *Helms v. Akron Health Dept.*, 9th Dist. Summit No. 21735, 2004-Ohio-3408, ¶ 11.

{¶8} "Although the person attempting to appeal does not have to use a particular method to deliver his notice of appeal to the administrative body, '[f]iling does not occur until there is actual receipt by the agency within the time prescribed by R.C. 2505.07.'" *Harris v. Akron*, 9th Dist. Summit No. 25689, 2011-Ohio-6735, ¶ 5, quoting *Welsh Dev. Co.* at ¶ 18, 39. This Court has held that the specific language in R.C. 2505.04 requires that a notice of appeal must be filed with the administrative agency from which the appeal is taken. *Thrower v. Akron Dept. of Health Hous. Appeals Bd.*, 9th Dist. Summit No. 21061, 2002-Ohio-5943, ¶ 18. The filing of a notice of appeal in the common pleas court is insufficient to vest jurisdiction over an administrative appeal. *Id.* We have held that the provisions regarding the perfection of an appeal are mandatory and that we do not have authority to adopt a "'substantial compliance'" test. *Harris v. Akron Hous. Appeals Bd.*, 9th Dist. Summit No. 21197, 2003-Ohio-724, ¶ 8, quoting *Chapman v. Hous. Appeals Bd.*,

9th Dist. Summit No. 18166, 1997 WL 537651, *3 (Aug. 13, 1997). In *Chapman v. Hous. Appeals Bd.* we stated:

> The period of time within which an appeal from an administrative board must be perfected is thirty days after the entry of the final order. *See* R.C. 2505.07 * * *. Ohio Revised Code 2505.07 was amended effective March 17, 1987, to indicate that an administrative board's "entry," not "journal entry," can commence the running of a person's time within which to perfect an appeal. This amendment clarified that minutes or any other writing can constitute a board's decision.

*Chapman* at *3.

{¶9}   In the case sub judice, the Rushworths argue that the BZA's decision did not become an appealable final order until they obtained a copy of the signed minutes from the July 22 meeting on September 10, 2020. In their brief to this Court, the Rushworths state they requested the minutes to both the July 22 and August 12 meetings several times in the weeks following August 12, 2020, but were told they were waiting to be processed and were thus unavailable. The Rushworths further state that they did not receive a signed copy of the July 22 meeting minutes until September 10, 2020.

{¶10}  This Court's review is limited to the record before us. *See* App.R. 9; *see also* App.R. 12(A)(1)(b). Despite the Rushworths' statements in their briefs indicating the unavailability of the minutes, the record is devoid of any evidence indicating when the signed minutes were first available, or evidence that the Rushworths did in fact first receive a copy of the minutes on September 10, 2020. Consequently, there is no evidence in the record to refute the trial court's finding that BZA entered a final order on August 12, 2020, said date being the date when the minutes from both meetings were approved and signed.

{¶11}  Based upon a 30-day period from August 12, 2020, the Rushworths had through September 11, 2020, to perfect their appeal in accordance with R.C. 2505.07. This included the requirement that a notice of appeal be filed with the administrative agency from which the appeal

is taken. *See Thrower* at ¶ 18. "[I]f the notice of appeal is filed with the administrative body after the 30–day period, then the notice of appeal is untimely and the trial court lacks jurisdiction to consider the appeal." *Pyramid Ents. L.L.C. v. City of Akron Dept. of Neighborhood Assistance*, 9th Dist. Summit No. 28623, 2018-Ohio-2178, ¶ 8.

{¶12} The record indicates that instructions to the Clerk of Courts to serve a copy of the notice of appeal upon the BZA were not filed until September 23, 2020. An affidavit from the administrative assistant for the Hinckley Township Board of Trustees and zoning secretary for the BZA avers that the notice of appeal was received by certified mail on September 28, 2020. Because the BZA did not receive the notice of appeal within the 30-day period from the date of the decision, the appeal was not perfected and the Court of Common Pleas correctly determined that it was without jurisdiction to hear the appeal. We reiterate, as our review is limited to the record, we cannot say the trial court erred in dismissing the Rushworths' administrative appeal.

{¶13} In support of their assignment of error, the Rushworths further argue that because the August 11 meeting was conducted without sending adequate notice to all adjoining property owners, a public hearing was not held in accordance with R.C. 519.15 and therefore the 30-day period during which an appeal could have been filed had not yet begun to run. Specifically, the Rushworths contend that they did not receive notice of the August 12, 2020, meeting until August 10, 2020, and were therefore deprived of time to prepare for the meeting. We do not find this argument persuasive.

{¶14} R.C. 519.15 provides in part:

> The board of zoning appeals shall fix a reasonable time for the public hearing of the appeal, give at least ten days' notice in writing to the parties in interest, give notice of such public hearing by one publication in one or more newspapers of general circulation in the county at least ten days before the date of such hearing, and decide the appeal within a reasonable time after it is submitted.

Even if we were to assume that the requirements of R.C. 519.15 were not met, the Rushworths have failed to establish that such a failure would toll the running of the 30-day period. The Rushworths have likewise provided no authority to support their position that the failure to receive ten days' notice would invalidate the meeting or nullify the BZA's decision. It is an appellant's duty to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record; it is not the function of this Court to construct a foundation for his claims. *Ohio Edison Co. v. Williams*, 9th Dist. Summit No. 23530, 2007-Ohio-5028, ¶ 9. *See also* App.R. 16(A)(7) ("The appellant shall include in its brief, under the headings and in the order indicated, all the following: * * * [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.").

{¶15} The minutes of the August 12, 2020, special meeting indicate that the purpose of the meeting was to correct an error made in granting the variance during the July 22, 2020, meeting. Chairperson Calabro explained: "[w]e are not here this evening to discuss the reasons to grant or not grant this variance. This was already done at the public hearing of July 22, 2020. We will not be repeating the same information." Furthermore, the minutes of the August 12, 2020, special meeting state: "[Chairperson] Calabro allowed Scott and Lisa Rushworth to approach and they submitted correspondence and proceeded to begin discussion of said correspondence. [Chairperson] Calabro stated the information they wished to discuss was not new information and their next step would be the appeal process." Although the Rushworths contend they were deprived of time to prepare for the meeting, they have not shown that the alleged late notice had prejudiced them in any way.

**{¶16}** The assignment of error is overruled.

III.

**{¶17}** The Rushworths' assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

SCOTT AND LISA RUSHWORTH, pro se, Appellants.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, Attorney at Law, for Appellee.