[Cite as *Hugh Ready Mix & Supply Co. v. Massillon*, 2024-Ohio-427.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HUTH READY MIX AND SUPPLY COMPANY, | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. Craig R. Baldwin, J. |
| Plaintiff - Appellant | : | Hon. Andrew J. King, J. |
| | : | |
| -vs- | : | |
| | : | |
| CITY OF MASSILLON, | : | Case No. 2023CA00094 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Case No. 2023CV00655

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT:      February 6, 2024

APPEARANCES:

For Plaintiff-Appellant

ADAM M. RUNKLE
Starkey & Runkle, LLC
638 West Maple Street
Hartville, Ohio 44632

For Defendant-Appellee

JUSTIN W. RICHARD,
Law Director

By: EDMOND J. MACK
Assistant Law Director
City of Massillon Law Department
Two James Duncan Plaza, 2nd Floor
Massillon, Ohio 44646

*Baldwin, J.*

**{¶1}**   The appellant, Huth Ready Mix and Supply Company, appeals the trial court's decision dismissing its administrative appeal for lack of jurisdiction due to ineffective service. The appellee is the City of Massillon.

### STATEMENT OF THE FACTS AND THE CASE

**{¶2}**   On November 16, 2022, the zoning official for the City of Massillon issued a cease-and-desist order to the appellant stating that the official had learned that second-hand or waste concrete materials were being crushed and/or processed on the appellant's property using a crushing machine. The order stated further that the breaking-up of concrete by jackhammering or crushing was not a permitted use under the property's I-1 light industrial zoning designation, nor was it a permitted prior non-conforming use, and ordered the appellant to immediately cease and desist said activities.

**{¶3}**   On November 23, 2022, the appellant filed a timely appeal of the zoning official's cease-and-desist order with the appellee's Board of Zoning Appeals ("BZA"). The BZA heard the appellant's appeal on January 12, 2023, and voted unanimously to deny the appellant's appeal and uphold the cease-and-desist order. The BZA's decision was memorialized with supporting conclusions of fact during a special meeting on February 23, 2023 with the passage of BZA Resolution 2023-2, which was sent to the appellant the following day.

**{¶4}**   The appellant filed a timely appeal of the BZA's decision to the appellee's City Council. On March 20, 2023, appellee's City Council heard the appeal and voted to uphold the decision. The appellee's City Council memorialized its decision and supporting

conclusions of fact with the passage of Resolution 4-2023, which was sent to the appellant on March 22, 2023.

{¶5}    On April 11, 2023, the appellant filed a Notice of Appeal Pursuant to O.R.C. 2506 listing the City of Massillon as appellee in the case caption in which it appealed "Resolution Nov. [sic] 4-2023 adopted by the Massillon City Council on March 20, 2023, approving and affirming the decision of the Massillon Board of Zoning Appeals in Case No. 2023-2 and denying the appeal" of the appellant. The Notice of Appeal included a certificate of service in which the appellant certified that a true copy of the Notice was served upon the "City of Massillon, Law Department, Attn. Edmond J. Mack, Assistant Law Director, Two James Duncan Plaza, Massillon, OH 44646." The appellant also filed a Written Request for Service of Praecipe & Notice of Appeal by express mail service on the "City of Massillon Law Department, ATTN: Edmond Mack, Esq., Two James Duncan Plaza, Massillon OH 44646."   Finally, the appellant filed a "Praecipe to the Clerk of the Massillon City Council for Transcript for Appeal."

{¶6}    On April 21, 2023, a return of service document was filed with the Stark County Common Pleas Clerk of Courts showing proof of delivery of the Notice of Appeal upon the "City of Massillon, Two James Duncan Plaza, Massillon, OH, US, 44646". The return of service provided information regarding the status of delivery, setting forth that the item had been delivered to the receptionist/front desk by FedEx on April 14, 2023, and had been signed for by "L. CLIFFORD." Further, the court docket reflected the following: "SERVICE COMPLETE FOR SERVICE ISSUED 04-11-2023- FEDERAL EXPRESS 7718 2855 5566 - CITY OF MASSILLON SERVICE TYPE: L CLIFFORD ON 04-14-2023."

**{¶7}** On June 15, 2023, the appellee filed a motion to dismiss the administrative appeal for lack of jurisdiction, arguing that the appellant failed to serve the clerk of Massillon City Council with the notice of appeal, and thus failed to properly perfect service upon the appellee, thereby depriving the trial court of jurisdiction.

**{¶8}** On July 12, 2023, the trial court issued a Judgment Entry Granting Defendant City of Massillon's Motion to Dismiss for lack of jurisdiction. The trial court stated in its judgment entry that the appellant failed to properly serve the appellee, citing R.C. 2505.07 and the Ohio Supreme Court case of *Dudukovich v. Lorain Metropolitan Housing Authority* (1979), 58 Ohio St.2d 202, 203, 389 N.E.2d 1113 in support of its decision.

**{¶9}** The appellant filed a timely notice of appeal of the trial court's dismissal setting forth the following two assignments of error:

**{¶10}** "I. THE TRIAL COURT ERRED BY USING [THE] STANDARD SET FORTH IN *DUDUKOVICH,* RATHER THAN THE MORE BROAD STANDARD SET FORTH LATER IN *WELSH* BY THE OHIO SUPREME COURT."

**{¶11}** "II. THE TRIAL COURT ERRED BY NOT HOLDING AN EVIDENTIARY HEARING ON THE ISSUE OF PROPER SERVICE ON MASSILLON."

**STANDARD OF REVIEW**

**{¶12}** We review an appeal of a dismissal for lack of subject-matter jurisdiction under Civ.R. 12(B)(1) de novo. *Boylen v. Ohio Dep't of Rehab. & Corr.,* 182 Ohio App. 3d 265, 2009-Ohio-1953, 912 N.E.2d 624, ¶ 26.

## ANALYSIS

### Assignment of Error Number One

**{¶13}** The appellant argues in its first assignment of error that the trial court erred in dismissing its appeal for lack of jurisdiction based upon the standard set forth by the Ohio Supreme Court in *Dudukovich v. Lorain Metropolitan Housing Authority,* 58 Ohio St.2d 202, 389 N.E.2d 1113 (1979) rather than the standard set forth in the subsequent Ohio Supreme Court case of *Welsh Dev. Co., Inc. v. Warren Cty. Regional Planning Comm,* 128 Ohio St.3d 471, 2011-Ohio-1604, 946 N.E.2d 215. We agree.

**{¶14}** R.C. 2505.04 addresses the perfection of appeals, and states in pertinent part:

> An appeal is perfected when a written notice of appeal is filed, . . . in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved. If a leave to appeal from a court first must be obtained, a notice of appeal also shall be filed in the appellate court. After being perfected, an appeal shall not be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional.

**{¶15}** The Ohio Supreme Court addressed issue of proper service of a notice of administrative appeal in *Welsh*, *supra*:

> When service of a notice of an appeal by the clerk of courts informs and apprises the administrative agency of the taking of an appeal, sets forth the names of the parties, and advises those parties that an appeal of a

particular claim is forthcoming, the notice of appeal has satisfied its purpose and the legislative intent in R.C. 2505.04.

Turning to the facts in the instant case, we hold that Welsh and the property owners "sufficiently complied" with R.C. 2505.04 by filing their complaints against WCRPC and notices of appeal in the Warren County Court of Common Pleas. The complaints and notices contained a praecipe for the clerk of courts to serve WCRPC by certified mail, and WCRPC received the service within the time prescribed by R.C. 2505.07 to file their appeals. Because copies of the notices of appeal and complaints were delivered timely to WCRPC, they were "filed" based on our definition of the term as set forth in *478 *Fulton v. State ex rel. Gen. Motors Corp.* (1936), 130 Ohio St. 494, 5 O.O. 142, 200 N.E. 636, paragraph one of the syllabus ("The term 'filed' * * * requires actual delivery * * * ").

Furthermore, the service of the notice of appeal served its purpose because it informed and apprised WCRPC of the administrative appeal by Welsh and the property owners. It is undisputed that the clerk of courts served WCRPC and that WCRPC received a copy of the notices of appeal and the complaint within the 30–day period prescribed by R.C. 2505.07. Because WCRPC received notice of the appeal within the prescribed time to file an administrative appeal, we hold that Welsh and the property owners perfected their appeal pursuant to R.C. 2505.04.

*Id.* at ¶¶ 30-32.

**{¶16}** The *Welsh* Court specifically decided to broadly interpret the standard it had previously set forth in *Dudukovich,* stating: "[o]ur decision to broadly interpret *Dudukovich* is consistent with our precedent setting forth the purpose of notices of appeals. We have long held that the purpose of a notice of appeal is to inform the opposing party of the taking of an appeal." *Id.* at ¶29.

**{¶17}** This court addressed the application of *Welsh* in *Yeager v. City of Mansfield,* 5th Dist. Richland No. 2011 CA 0085, 2012-Ohio-2908. In the *Yeager* case*,* Yeager appealed the City of Mansfield's order for demolition of his property, which was denied by the Mansfield City Planning Commission on March 11, 2011. Yeager filed a complaint for preliminary injunction with the common pleas court on April 8, 2011. The administrative appeal named the City of Mansfield and members of the planning commission as defendants. The clerk of courts served the City of Mansfield with the administrative appeal on April 13, 2011. The City of Mansfield filed a motion to dismiss, arguing that Yeager had not properly perfected his appeal because the administrative agency was served thirty-three (33) days after the final order of the planning commission. In analyzing R.C. 2505.04 and 2505.07, this Court stated:

> . . . The record shows that Yeager in fact complied with *Welsh* by having
>
> the Richland County Clerk of Courts serve the notice of appeal upon the
>
> City. A close examination of this case reveals we are not presented with the
>
> question of whether *Welsh* is applicable to Yeager. The issue in this case is
>
> whether Yeager complied with the time requirement found in R.C. 2505.07.

*Id.* at ¶27. The Court thus found that Yeager had complied with the service requirements by effectuating service upon the city.[1]

**{¶18}** In this case, the decision of the appellee's City Council from which the appellant appeals was made on March 20, 2023, thirty days from which was April 21, 2023. The appellant filed its Notice of Appeal on April 11, 2023, service of which was perfected by FedEx upon the appellee City of Massillon, and signed for by an "L. CLIFFORD," on April 14, 2023, and the return of which is contained in the trial court's docket. This is well within the thirty-day time period within which the statute requires service be made. The appellant's Notice of Appeal need not be served upon Massillon City Council, as argued by the appellee; timely service upon the City of Massillon of an administrative appeal of a decision of the City Council sufficiently complies with R.C. 2505.04. As such, we sustain the appellant's first assignment of error and remand the matter back to the trial court for proceedings consistent with this opinion.

### Assignment of Error Number Two

**{¶19}** The appellant argues in its second assignment of error that the trial court erred in failing to conduct an evidentiary hearing on the issue of service. Because we find that the appellant properly served the appellee within the statutory thirty-day time period, the appellant's second assignment of error is moot and is therefore overruled.

---

[1] While the *Yeager* Court held that Yeager properly served the administrative agency through service upon the City of Mansfield, he failed to do so within the thirty-day statutory time limit, and as a result the trial court's decision to dismiss the appeal was not error. Such is not this case herein, as the appellant served the City of Massillon within the statutory thirty-day time period.

## CONCLUSION

{¶20} Based upon the foregoing, the judgment of the Stark County Court of Common Pleas is reversed and remanded back to the trial court for further proceedings consistent with this opinion.

By: Baldwin, J.

Delaney, P.J. and

King, J. concur.