[Cite as *Slusser v. Celina*, 2015-Ohio-3721.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

DAVID SLUSSER,
CHIEF OF POLICE,

      APPELLANT,                                CASE NO. 10-15-09

      v.

CITY OF CELINA,                                **O P I N I O N**

      APPELLEE.

**Appeal from Mercer County Common Pleas Court**
**Trial Court No. 14-CIV-101**

**Judgment Reversed and Cause Remanded**

**Date of Decision:   September 14, 2015**

APPEARANCES:

    *Eric J. Wilson*  **for Appellant**

    *Eugene P. Nevada*  **for Appellee**

**SHAW, J.**

{¶1} Appellant David Slusser ("Slusser") appeals the April 13, 2015, decision of the Mercer County Common Pleas Court granting appellee City of Celina's motion to dismiss Slusser's "Complaint on Appeal." Slusser's "Complaint on Appeal" attempted to appeal an adverse decision of the Celina Civil Service Commission, and Celina's motion to dismiss argued that the appeal had been untimely filed with the common pleas court.

{¶2} The facts relevant to this appeal are as follows. David Slusser was the Chief of Police for the City of Celina and he was placed on paid administrative leave on February 14, 2013, for—according to the "Complaint on Appeal"—allegedly mishandling a bottle of Xanax pills. (Doc. No. 3). On June 13, 2013, Slusser was terminated from his position. Slusser appealed his termination to the Celina Civil Service Commission ("CCSC").

{¶3} A hearing was conducted before a hearing officer and the hearing officer recommended that the CCSC uphold Slusser's termination. The CCSC agreed with the hearing officer's recommendation of termination and issued Final Orders of the Commission terminating Slusser's employment on August 11, 2014.

{¶4} On August 26, 2014, Slusser filed a "Notice of Appeal" with the CCSC, indicating his intent to appeal the decision to the Mercer County Common Pleas Court.

{¶5} On September 17, 2014, Slusser filed "Chief David Slusser's Complaint on Appeal from the Civil Service Commission of Celina, Removing him from Office" in the Mercer County Common Pleas Court. (Doc. No. 3). Slusser's "Complaint" indicated that the trial court had jurisdiction to hear the appeal under Revised Code Chapters 2505 and 2506. (*Id.*) Slusser ultimately requested a trial *de novo*, a reversal of CCSC's ruling, and reinstatement as Chief of Police. (*Id.*)

{¶6} On September 25, 2014, the City of Celina filed an answer to Slusser's "Complaint." (Doc. No. 8). In the answer, Celina argued, *inter alia*, that Slusser's filing with the common pleas court was untimely, as it was more than 30 days from the final decision of the CCSC, which had been released August 11, 2014. (*Id.*)

{¶7} On that same date, September 25, 2014, Celina filed a "Motion to Dismiss," arguing that Slusser failed to perfect his appeal with the common pleas court because he did not file his appeal with the common pleas court within 30 days. (Doc. No. 9).

{¶8} On October 14, 2014, an entry was filed wherein the common pleas court judge recused himself and a visiting judge was appointed to preside over the case. (Doc. No. 14).

**{¶9}** On January 21, 2015, Slusser filed a response to Celina's motion to dismiss. (Doc. No. 20). In the motion, Slusser cited to R.C. 2505.04 as the governing statute in perfecting his administrative appeal, which reads,

> **An appeal is perfected when a written notice of appeal is filed, in the case of an appeal of a final order, judgment, or decree of a court, in accordance with the Rules of Appellate Procedure or the Rules of Practice of the Supreme Court,** *or, in the case of an administrative-related appeal, with the* **administrative officer, agency, board, department, tribunal,** *commission***, or other instrumentality involved. * * * After being perfected, an appeal shall not be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional.**

(Emphasis added.) Slusser contended that pursuant to R.C. 2505.04, his appeal was perfected the moment he timely filed his notice of appeal with the CCSC as filing with the "commission" is all that is mentioned to perfect the appeal in the statute. (Doc. No. 20). Slusser then argued that pursuant to R.C. 2505.07 and R.C. 124.34(C), he had to have filed the notice of appeal with the CCSC within 30 days of the CCSC's determination, which he did. Slusser maintained that he had thus complied with all of the jurisdictional requirements to perfect his appeal.

**{¶10}** On January 21, 2015, Slusser filed a motion to amend the complaint instanter, seeking to clarify that he was appealing pursuant to R.C. 2505.04 and R.C. 124.34, on both issues of law and fact. (Doc. No. 21).

**{¶11}** On January 28, 2015, Celina filed a reply to Slusser's response to the motion to dismiss, and a memorandum in opposition to Slusser's motion to amend

his complaint. (Doc. No. 22). Celina stated that Slusser failed to recite R.C. 124.34, thus failing to invoke it, and failed to request a trial *de novo*.[1] (*Id.*) Celina also maintained that Slusser's appeal was untimely filed, as under R.C. 119.12 the appeal should have been filed with both the CCSC and the common pleas court. (*Id.*)

{¶12} On March 9, 2015, Slusser filed a "Memorandum Regarding R.C. 124.34(C) and R.C. 119.12 and Law and Fact Review on Appeal." (Doc. No. 26). In the memorandum, Slusser argued that R.C. 119.12's filing requirements were not applicable in this appeal. (*Id.*)

{¶13} On March 24, 2015, Celina filed a reply brief "Regarding Timeliness and Scope Review." (Doc. No. 27).

{¶14} On April 13, 2015, the trial court filed its judgment entry on all pending matters, which ultimately dismissed Slusser's appeal as being untimely filed "under any Revised Code provisions." (Doc. No. 28). The trial court's entry read, in pertinent part,

> **5. Administrative procedure appeals can be complicated and are controlled by Revised Code Chapters 2505 and 2506, Revised Code Sections 119.12 and 124.34[.]**
>
> **6. Revised Code Section 124.34(C) controls appeals for a chief of police.**

---

[1] The Notice of Appeal that apparently was filed with the CCSC stated that the appeal was "on law and fact." *See* (Doc. No. 3). The "Complaint on Appeal" filed with the common pleas court clearly stated that a trial *de novo* was requested. Regardless, the Supreme Court of Ohio clarified in *Westlake Civ. Serv. Comm. v. Pietrick*, 142 Ohio St.3d 495, 2015-Ohio-961, ¶ 24, that an appeal on questions of law and fact under R.C. 124.34(C) "constitutes a trial de novo."

**7.    That section provides that "an appeal on questions of law and fact may be had from the decision of the commission to the court of common pleas in the county in which the city or civil service township is situated.  The appeal shall be taken within thirty days from the finding of the commission."**

**8.    David Slusser's appeal was not timely filed under any Revised Code provisions.**

**9.    There are extenuating circumstances involved in the filing procedure in this case.**

**10.  The extenuating circumstances do not provide sufficient basis for extending the filing time.**

(*Id.*)

{¶15} The trial court thus dismissed Slusser's appeal, and due to that decision the trial court declined to grant Slusser's motion to amend the complaint, and found any remaining motions moot.  (*Id.*)  It is from this judgment that Slusser appeals, asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**
**THE MERCER COUNTY COMMON PLEAS COURT ERRED IN RULING THAT APPELLANT DAVID SLUSSER'S APPEAL WAS NOT TIMELY FILED UNDER ANY REVISED CODE PROVISIONS.**

{¶16} In Slusser's assignment of error he argues that the trial court erred in granting Celina's motion to dismiss.  Specifically, he contends that R.C. 2505.04 governed the procedure for the filing of his R.C. 124.34(C) administrative appeal and all that was required to "perfect" his appeal pursuant to R.C. 2505.04 was

timely filing his notice of appeal with the CCSC, which he did, and that his appeal was perfected at that point.

{¶17} Administrative appeals are governed by several statutes; however there is a specific statute dedicated to the removal of a chief of police, R.C. 124.34(C), which both parties agree is the primary controlling statute in this case. Revised code 124.34(C) reads,

> **(C) In the case of the suspension for any period of time, or a fine, demotion, or removal, of a chief of police, \* \* \* or any member of the police \* \* \* of a city or civil service township, who is in the classified civil service, the appointing authority shall furnish the chief or member with a copy of the order of suspension, fine, demotion, or removal, which order shall state the reasons for the action. The order shall be filed with the municipal or civil service township civil service commission. Within ten days following the filing of the order, the chief or member may file an appeal, in writing, with the commission. If an appeal is filed, the commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, the appeal within thirty days from and after its filing with the commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority.** *An appeal on questions of law and fact may be had from the decision of the commission to the court of common pleas in the county in which the city or civil service township is situated. The appeal shall be taken within thirty days from the finding of the commission.*

(Emphasis added.) Revised Code 124.34(C) thus specifically states that a chief of police can appeal on questions of law and fact to the common pleas court. It also states that the appeal shall be taken within thirty days of the commission's finding.

{¶18} In its judgment entry the trial court seemingly interpreted R.C. 124.34(C) to mandate that the appeal must be *filed with the common pleas court*

within thirty days. While the appeal has to be "taken" within thirty days according to the statute, R.C. 124.34(C) does not provide any specific *filing* instructions. The absence of specific filing instructions in R.C. 124.34(C) gives rise to the central dispute between the parties, which is whether Slusser's appeal was perfected when he filed his notice of appeal with the CCSC within 30 days, or whether Slusser had to file his notice of appeal with both the CCSC and with the common pleas court within 30 days to perfect his appeal.

{¶19} Slusser claims that since R.C. 124.34(C) does not contain any filing instructions, the trial court should apply R.C. 2505.04 as to what filing is required to perfect an appeal from an administrative decision with the common pleas court. Revised Code 2505.04, cited fully previously, states that

> **An appeal is perfected when a written notice of appeal is filed \* \* \* in the case of an administrative-related appeal, with the \* \* \* commission[.] \* \* \* After being perfected, \* \* \* *no step required to be taken subsequent to the perfection of the appeal is jurisdictional.***

(Emphasis added.) Slusser argues that R.C. 124.34(C) does not provide filing requirements; R.C. 2505.04 does provide those requirements and states that to perfect an appeal Slusser simply must file with the CCSC within 30 days.[2] Slusser claims that according to the statute nothing other than filing with the CCSC was jurisdictional. A plain reading of R.C. 2505.04 would support Slusser's position.

---

[2] Both R.C. 124.34 and R.C. 2505.07 provide that the time to perfect an appeal is thirty days. Revised Code 2505.07 states specifically, "After the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days."

**{¶20}** We would note that utilizing the procedures in R.C. Chapters 2505 and 2506 in a R.C. 124.34 appeal as Slusser suggests is consistent with what other Ohio Appellate Courts have done in the past. In *Walter v. Crawford*, 9th Dist. Summit No. 15942, 1993 WL 191976, *2 (June 9, 1993), the Ninth District held that R.C. 124.34 appeals "are governed generally by R.C. Chapter 2506," and that they are conducted "pursuant to the procedural requirements of Chapter 2505." *Walter* at *2. In *Harvey v. Civ. Serv. Com'n*, 8th Dist. Cuyahoga No. 62335, 1993 WL 106985, *4 (Apr. 8, 1993), the Eighth District Court of Appeals held, "The provisions of R.C. Chapter 2505, governing procedure on appeal, are applicable to proceedings brought in the court of common pleas on appeal from a decision by a municipal civil service commission pursuant to R.C. 124.34." *Harvey* at *4.

**{¶21}** In arguing against this position, and against a plain reading of the language of R.C. 2505.04, Celina points to R.C. 119.12, which governs other administrative appeals related to state agencies, but not specifically those related to a chief of police. Revised Code 119.12 reads, in pertinent part,

> **Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and stating that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. The notice of appeal may, but need not, set forth the specific grounds of the party's appeal beyond the statement that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. *The notice of appeal shall also be filed by the appellant with the court.***

(Emphasis added.) Thus unlike R.C. 124.34(C), R.C. 119.12 explicitly states that the notice of appeal must be filed with *both* the trial court and the administrative body.

**{¶22}** Celina contends that R.C. 119.12 is persuasive in determining where Slusser had to file, filling any gap between R.C. 124.34(C) and R.C. 2505.04, establishing that Slusser needed to file a timely notice of appeal with both the CCSC and the common pleas court. In addition, Celina contends that common sense would dictate that Slusser had to file with the common pleas court, as there is no other way that his case would be heard by the common pleas court since there is nothing in R.C. 2505.04 or R.C. 124.34(C) requiring the CCSC to take a notice of appeal that had been filed and then also file the appeal with the common pleas court.

**{¶23}** Although Celina urges us to specifically utilize R.C. 119.12, the Ohio Supreme Court has recently distinguished R.C. 124.34(C) appeals from R.C. 119.12 appeals, at least in the manner of a trial court's authority to modify disciplinary measures imposed by a commission. *See Westlake Civ. Serv. Comm. v. Pietrick*, 142 Ohio St.3d 495, 2015-Ohio-961, ¶¶ 30-37. Admittedly *Westlake* did not specifically discuss filing requirements and dealt more with standard of review, finding that an R.C. 124.34(C) appeal allowed a trial court to "substitute its judgment for that of the civil service commission." *Westlake* at ¶ 34. However, *Westlake* did deal with a R.C. 124.34(C) appeal and it cited R.C.

2505.01(A)(3), at least in passing, indicating that R.C. Chapter 2505 is implicated in a R.C. 124.34(C) appeal.[3]  *See Westlake* at ¶ 24.

**{¶24}** Moreover, while Celina urges us to apply R.C. 119.12, by its own language appeals under R.C. 119.12 deal primarily with *state* agencies.  *See* R.C. 119.12.  In fact, this Court has held previously that appeals from municipal civil service commissions are not typically within the purview of R.C. Chapter 119. *Jacobs v. Marion Civ. Serv. Com'n*, 27 Ohio App.3d 194, 195-196 (3d Dist.1985); *but see Schupp v. City of Cincinnati Civil Service Com'n*, 1st Dist. Hamilton No. C-020176, 2002-Ohio-7077, ¶¶ 5-9 ("there is a split in the districts on whether an appeal from a municipal civil service commission is governed by R.C. 119.12 or by R.C. Chapter 2506 [and thus 2505]. * * * In light of the conflict, we agree with the Twelfth Appellate District's reasoning in *Beare [v. Eaton*, 9 Ohio App.3d. 142, (1983)] * * * [that] a municipal civil service employee may perfect and prosecute an appeal involving removal from employment for disciplinary reasons pursuant to either R.C. 119.12 or R.C. Chapter 2506.")[4]

**{¶25}** In sum, we conclude that the filing requirements of R.C. 119.12 are not mandated upon a R.C. 124.34(C) appeal.  In fact, it seems that if the legislature

---

[3] *Westlake* also emphasized that the "appeal on questions of law and fact" afforded to members of city or township police and fire departments is a "relative rarity," indicating the unique nature of R.C. 124.34(C) appeals. *Id*. at ¶ 24.

[4] While the *Schupp* case seemed to indicate that R.C. 119.12 could govern an appeal from a municipal civil service commission contrary to our older holding in *Jacobs*, *Schupp* would seem to hold that there is a separate appellate avenue under R.C. 2505/2506 allowing Slusser to appeal in this case that would not be governed by R.C. 119.12 regardless.  Slusser did, in fact, cite to R.C. Chapters 2505 and 2506 in his "Complaint on Appeal" and he did not mention R.C. 119.12.  Thus even under *Schupp* there would be an appellate route where R.C. 119.12 is not implicated.

wanted to implicate R.C. 119.12 in R.C. 124.34(C) it clearly was aware that it could have, as R.C. 119.12 is specifically mentioned in R.C. 124.34(B), which relates to other administrative appeals, but it is not mentioned at all in R.C. 124.34(C).

{¶26} We can find no controlling authority to override the specific language in R.C. 2505.04 that *clearly* states an administrative appeal is *perfected* when it is filed with the *commission*. While the better practice might be to file a Notice of Appeal or "Complaint" with the common pleas court within thirty days, it is not *required* by R.C. 2505.04 to file in the common pleas court within thirty days.[5] As a result, we find no authority for the common pleas court to dismiss a timely filed appeal filed and perfected in accordance with the terms of R.C. 2505.04, for failure of the appellant or the CCSC to file a copy of the appeal with the common pleas court within thirty days.

{¶27} Accordingly, based upon the plain language of R.C. 2505.04, Slusser's assignment of error is sustained.

---

[5] We note that Celina cites the Ohio Supreme Court case *Welsh Dev. Co. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 479, 2011-Ohio-1604 (2011), for the proposition that the appeal should be filed with both the commission and the common pleas court. That was not a holding of *Welsh*. *Welsh* determined that an appeal *can be* perfected for the purposes of R.C. 2505.04 if the clerk of courts serves the administrative agency a copy of the notice of appeal within the time period described by R.C. 2505.07. *Welsh* at syllabus. Prior to the *Welsh* decision, it was disputed as to whether a clerk of courts serving the notice of appeal on the administrative body constituted "filing" with the administrative body under R.C. 2505.04. In *Welsh* the Ohio Supreme Court concluded that it did. While Slusser cites *Welsh* for the principle that an appeal must be filed in both places to perfect an appeal, *Welsh* merely determines one way an appeal could be perfected. Moreover, although Welsh makes clear that an appeal is not perfected until it is filed with the agency, it does not state that it is not perfected until it is filed in both places. This is consistent with other cases where it was found that filing with a trial court alone is not sufficient to perfect an appeal, as it is an issue of apprisal. *Welsh* at ¶ 29; *Walter v. Crawford*, 9th Dist. Summit No. 15942, 1993 WL 191976, *2 (June 9, 1993).

{¶28} For the foregoing reasons Slusser's assignment of error is sustained and the judgment of the Mercer County Common Pleas Court is reversed. This case is remanded for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**ROGERS, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**