[Cite as *Safety 4th Fireworks, Inc. v. Liberty Twp. Bd. of Trustees*, 2019-Ohio-3435.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| SAFETY 4TH FIREWORKS, INC., | : | CASE NO. CA2019-04-053 |
| Appellant, | : | O P I N I O N<br>8/26/2019 |
| | : | |
| - vs - | : | |
| | : | |
| LIBERTY TOWNSHIP BOARD OF<br>TRUSTEES AND LIBERTY TOWNSHIP<br>BOARD OF ZONING APPEALS, | : | |
| Appellees. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2018-06-1475

Craig T. Conley, 604 Huntington Plaza, 220 Market Avenue South, Canton, Ohio 44702, for appellant

Frost Brown Todd LLC, Scott D. Phillips, Carly M. Sherman, 9277 Centre Pointe Drive, Suite 300, West Chester, Ohio 45069, for appellees

**M. POWELL, J.**

{¶ 1} Appellant, Safety 4th Fireworks, Inc. ("SFI"), appeals the judgment of the Butler County Court of Common Pleas dismissing its administrative appeal as untimely. For the reasons stated below, we reverse and remand for further proceedings.

{¶ 2}  SFI sought to build a "state licensed fireworks wholesale facility" in Liberty Township, Butler County, Ohio.  The construction plans called for the facility to be located less than 200 feet from its property lines and less than 1,000 feet from an abutting lot in a residential zoning district.  However, the setback regulations of the Liberty Township Zoning Code ("the Zoning Code") prohibited this construction.

{¶ 3}  Consequently, on March 5, 2018, SFI filed an application with the Liberty Township Board of Zoning Appeals ("BZA") seeking variances from the aforesaid setback regulations.  The BZA conducted a public hearing on the application on April 10, 2018.  SFI's president, Eric Abdalla, and its legal counsel, Craig Conley, were present and participated in the hearing.  Upon hearing the application, the BZA unanimously denied the requested variances and orally announced its decision.

{¶ 4}  On May 1, 2018, Conley mailed a transcript of the April 10, 2018 hearing to Bryan Behrmann, the Liberty Township Director of Planning.  In his cover letter, Conley indicated SFI's intention to appeal the BZA's denial of the variances to the common pleas court and advised that "[a]lthough I believe Transcript pages 32 and 33 present a sufficient memorialization of the BZA' s decision, I would appreciate receipt of the BZA' s formal decision/resolution at your earliest possible convenience."

{¶ 5}  The next regular meeting of the BZA was scheduled for May 8, 2018. The tentative agenda for this meeting was published on the BZA's website and listed approval of the minutes of the BZA's April 10, 2018 meeting as an agenda item.

{¶ 6}  The minutes of the April 10, 2018 meeting were not approved at the May 8, 2018 meeting.  Nevertheless, the minutes of the May 8, 2018 meeting reflect that a notice of the BZA's decision denying SFI's variances had been completed and distributed to the members of the BZA.  With two abstentions, the BZA unanimously approved the notice of the decision denying SFI's requested variances.

{¶ 7} On June 14, 2018, the BZA mailed a certified copy of its decision denying SFI's variances to SFI's address of record and to Conley. On June 15, 2018, apparently not yet in receipt of BZA's June 14, 2018 correspondence, Conley faxed Behrmann and requested "a copy of the BZA's written decision/resolution denying my client's Application."

{¶ 8} After receiving the certified notice of the BZA's decision, SFI filed its notice of appeal with the BZA on June 27, 2018, and with the common pleas court on June 29, 2018. On July 25, 2018, the BZA filed a Civ.R. 12(B)(1) motion to dismiss the appeal as not having been timely filed.

{¶ 9} On March 4, 2019, the common pleas court determined that the BZA decision denying the requested variances was a final appealable order on May 8, 2018, when the BZA approved the April 10, 2018 denial of the variances. Thus, the common pleas court determined that a notice of appeal was due to be filed with the BZA no later than June 7, 2018. As the notice of appeal was not filed with the BZA until June 27, 2018, the common pleas court found that the appeal had not been perfected and that it lacked subject-matter jurisdiction to consider the matter. Consequently, the court dismissed the appeal.

{¶ 10} SFI now appeals the common pleas court's dismissal of its administrative appeal, raising one assignment of error:

{¶ 11} THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S ADMINISTRATIVE APPEAL AS UNTIMELY.

{¶ 12} R.C. Chapter 2506 governs appeals from decisions of administrative agencies of political subdivisions, such as a board of zoning appeals, to a common pleas court. In this regard, R.C. 2506.01(A) provides

> Except as otherwise provided in [R.C.] 2506.05 to 2506.08, and except as modified by this section and [R.C.] 2506.02 to 2506.04, every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the

state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in [R.C.] Chapter 2505.

{¶ 13} Thus, with certain exceptions not relevant here, an administrative appeal is subject to the appellate procedures in R.C. Chapter 2505.

{¶ 14} Although R.C. 2506.01 provides a party with the right to appeal a decision of an administrative board, a common pleas court does not acquire subject-matter jurisdiction over the appeal "unless and until the appeal is perfected." *AT&T Communications of Ohio, Inc. v. Lynch*, 132 Ohio St.3d 92, 2012-Ohio-1975, ¶ 17. "[W]hen the right to appeal is conferred by statute, an appeal can be perfected only in the manner prescribed by the applicable statute." *Welsh Dev. Co., Inc. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, ¶ 14.

{¶ 15} R.C. 2505.04 provides in pertinent part that "[a]n appeal is perfected when a written notice of appeal is filed in the case of an administrative-related appeal with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." R.C. 2505.07 further provides that "[a]fter the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, *the period of time within which the appeal shall be perfected*, unless otherwise provided by law, *is thirty days*." (Emphasis added.) If the notice of appeal is not properly filed within 30 days of the final order from which the appeal is taken, a common pleas court lacks subject-matter jurisdiction to hear the appeal.

{¶ 16} "R.C. 2505.04 is a jurisdictional statute." *Richards v. Indus. Comm.*, 163 Ohio St. 439, 445 (1955). "Coupled with R.C. 2505.05, the statutory language clearly indicates that the only act necessary to perfect an administrative appeal brought under R.C. 2506.01 is the timely filing of a notice of appeal with the pertinent agency, board, commission, or other instrumentality." *Horner v. Washington Twp. Bd. of Trustees*, 12th Dist. Clermont No.

- 4 -

CA2011-02-008, 2011-Ohio-5871, ¶ 17.

{¶ 17} The issue in this appeal concerns when the BZA's denial of SFI's variances became a "final order" to commence the running of the 30-day time period to perfect an appeal from that decision. SFI argues that the time to appeal began to run on June 14, 2018, when the BZA mailed a certified copy of its decision to SFI and Conley. The BZA argues that SFI's time to appeal began to run on May 8, 2018, when it approved the April 10, 2018 decision denying SFI's variances.

{¶ 18} In support of its position that the decision of the BZA denying its requested variances was not a "final order" until the BZA mailed the notice of the decision, SFI cites *Swafford v. Norwood Bd. of Edn.*, 14 Ohio App.3d 346 (1st Dist.1984); *Farinacci v. Twinsburg*, 14 Ohio App.3d 20 (9th Dist.1984); and *601 Properties, Inc. v. Dayton*, 2d Dist. Montgomery No. 11620, 1990 Ohio App. LEXIS 96 (Jan. 19, 1990). The BZA cites *Swafford*; *Snell v. Mt. Vernon Bd. Of Zoning Appeals*, 5th Dist. Knox No. 95 CA 24, 1995 Ohio App. LEXIS 6069 (Dec, 18, 1995); and *La Plant Ents. v. Toledo*, 6th Dist. Lucas No. L-87-369, 1988 Ohio App. LEXIS 2668 (June 30, 1988), in support of its position that its decision denying the variances became a "final order" when it entered the decision into its minutes.

{¶ 19} Suffice it to say, the cases cited by the parties generally support their respective positions. These various cases, however, also illustrate a disagreement among Ohio's appellate districts concerning whether notice of an administrative agency decision or its entry into the public record confers finality upon the decision to commence the time to appeal it. Although the Ohio Supreme Court has not directly resolved this disagreement, it has addressed the matter by analyzing the issue of the "finality" of a decision in conjunction with the issue of what "notice" of the decision is required to comply with the Ohio and United States Constitutions.

{¶ 20} In a 2012 opinion, the supreme court considered whether a county sheriff's policy of providing notice of sheriff's sales by posting them upon its website afforded procedural due process to interest parties. *PHH Mtge. Corp. v. Prater*, 133 Ohio St.3d 91, 2012-Ohio-3931. The supreme court observed that "'[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at ¶ 9, quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652 (1950). In finding that posting notice of sheriff's sales on a website is akin to newspaper publication and does not afford due process to known parties, the supreme court held

> the new Internet notice procedure shifts the burden of notification from the sheriff's office to the persons to whom the notice is directed. Rather than sending notice by mail to those parties whose names and addresses are known, the new notice system of the sheriff's office transfers the burden to the parties to take active steps to research and monitor the information. While we understand the interest in using technology to conserve resources, we find that notice by Internet posting is more akin to publication in a newspaper, and due process demands more in this instance.

*PHH Mtge.* at ¶ 16.

{¶ 21} The BZA advances a variation of the same argument rejected by the supreme court in *PHH Mtge.* when it argues that SFI's time to appeal commenced when the BZA entered the decision denying SFI's variances into its minutes, thus requiring SFI to repeatedly check the BZA's minutes.

{¶ 22} *Moldovan v. Cuyahoga Cty. Welfare Dept.*, 25 Ohio St.3d 293 (1986), was a case that predated the promulgation of Civ.R. 58(B) requiring service of notice of judgments upon parties not in default. It involved an appeal from a July 9, 1985 judgment of a common pleas court reversing an administrative agency's decision in an employment case. The only

- 6 -

notice of the common pleas court's judgment to the employee's counsel was its July 10, 1985 publication in a legal newspaper. The employee's counsel filed an appeal to the court of appeals on August 14, 1985, after first learning of the common pleas court's judgment on August 12, 1985. The court of appeals dismissed the appeal as untimely.

{¶ 23} The supreme court reversed, holding that publication of notice of the judgment in a legal newspaper "does not constitute reasonable notice on a party whose name and address were known." *Id.* at 295. The supreme court further held that "failure to give reasonable notice of final appealable orders is a denial of the right to legal redress of injuries created by Section 16, Article I of the Ohio Constitution." *Id.* at 296.

{¶ 24} The supreme court's opinions in *Moldovan* and *PHH Mtge.* involved court judgments and notice by publication in a newspaper or upon a website as opposed to a decision of an administrative agency and notice by entry of the decision into the agency's minutes. Nonetheless, these cases cast serious doubt upon whether entry of an administrative decision into an agency's minutes lends it finality when a party's address is known.

{¶ 25} In addition to the constitutional issues discussed above is the issue of the BZA's rules specifying the procedure for matters coming before it. Section 3.7.1(3)(c) of the Zoning Code provides

> A certified copy of the BZA's decision shall be transmitted to the applicant or appellant at the applicant's address as shown on the records of the BZA and to the Zoning Inspector. Such decision shall be binding upon the Zoning Inspector and observed by him and he shall incorporate the terms and conditions of the decision in the permit to the applicant or appellant, whenever the BZA authorizes a zoning certificate.

{¶ 26} In a 2016 opinion considering administrative agency procedural rules, the Tenth Appellate District considered whether the appeal of a decision of the Ohio Oil and Gas Commission to the common pleas court was perfected. *Am. Water Mgt. Servs., L.L.C.*

*v. Div. of Oil & Gas Resources Mgt.*, 10th Dist. Franklin No. 16AP-4, 2016-Ohio-2860. The court of appeals reversed the common pleas court's dismissal of the appeal as untimely. In so ruling, the court of appeals found that the time to appeal the agency's decision had not commenced because the agency failed to comply with the applicable statute requiring the mailing of notice of its decision to the parties to the appeal:

> In order to determine compliance with conditions imposed by statutes conferring the right of appeal, we look to the plain language of the statute.
>
> Here, the General Assembly provided in R.C. 1509.36 and 1509.37 the procedure to be followed in appealing a decision of the commission. As previously noted, R.C. 1509.36 requires that "[n]otice of the making of the order shall be given forthwith to each party to the appeal by mailing a certified copy thereof to each such party by certified mail." The commission's act under R.C. 1509.36 of providing notice of the order by sending a certified copy of the order to each party to the appeal commences the time for filing an appeal under R.C. 1509.37.

*Id.* at ¶ 12-13.

{¶ 27} Section 3.7.1(3)(c) of the Zoning Code operates in much the same way. Just as R.C. 1509.36 specified the procedure to be followed in appeals to the Ohio Oil and Gas Commission, including a requirement of notice of its decisions, so does Section 3.7 which specifies the procedure to be followed in matters coming before the BZA, including a requirement of notice of the decision to an applicant.[1]

{¶ 28} In this case, SFI's address was on record with the BZA; the Zoning Code requires that a certified copy of the decision be mailed to an applicant at the applicant's address of record; Conley contacted the BZA by letter of May 1, 2018, requesting a copy "of the BZA's formal decision/resolution"; and, despite the fact that the notice of the decision

---

1. The BZA argues that Section 3.7.1(3)(c) of the Zoning Code does not specify a time frame for notice of a decision to an applicant, and thus, it complied with the rule by mailing a copy of the decision to SFI and Conley on June 14, 2018. However, the issue is not one of compliance with the rule but of when notice of the decision was constitutionally adequate to lend "finality" to the decision.

was prepared and finalized by May 8, 2018, the BZA did not mail a copy of its decision to SFI until June 14, 2018. Under these circumstances, the "reasonable notice" of the BZA's decision required by Section 16, Article I of the Ohio Constitution and the Due Process Clauses of the Ohio and United States Constitutions demands that SFI be provided a copy of the final decision. Thus, the time to appeal commenced on June 14, 2018, when the BZA mailed a copy of its decision to SFI in accordance with its duty under Section 3.7.1(3)(c) of the Zoning Code. The common pleas court, therefore, erred in dismissing SFI's administrative appeal as untimely.

{¶ 29} SFI's assignment of error is sustained.

{¶ 30} We accordingly reverse the decision of the common pleas court dismissing SFI's appeal as untimely and remand the matter to the common pleas court for further proceedings.

{¶ 31} Judgment reversed and remanded.

HENDRICKSON, P.J., and S. POWELL, J., concur.