[Cite as *Rodriguez v. Galion*, 2024-Ohio-129.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

MARC RODRIGUEZ,                                    CASE NO. 3-23-38

    PLAINTIFF-APPELLANT,

v.

CITY OF GALION,                                    O P I N I O N

    DEFENDANT-APPELLEE.

---

**Appeal from Crawford County Common Pleas Court**
**Trial Court No. 2023 CV 0050**

**Judgment Reversed and Cause Remanded**

**Date of Decision:  January 16, 2024**

---

**APPEARANCES:**

    *Gary A. Reeve* **for Appellant**

    *Jeffrey A. Stankunas* **and** *Gareth Whaley* **for Appellee**

**WALDICK, J.**

{¶1} Plaintiff-appellant, Marc Rodriguez ("Rodriguez"), brings this appeal from the August 7, 2023, judgment of the Crawford County Common Pleas Court granting the motion to dismiss filed by defendant-appellee, City of Galion ("Galion"). On appeal, Rodriguez argues that the common pleas court erred by determining that it lacked subject-matter jurisdiction over his administrative appeal because he did not perfect his appeal with the Galion Civil Service Commission. For the reasons that follow, we reverse the judgment of the trial court.

*Background*

{¶2} In May of 2021, Rodriguez was appointed Chief of Police of the Galion Police Department. In the ensuing years, multiple women made allegations of improper conduct by Rodriguez. After the matter was investigated, it was determined that Rodriguez had committed seven counts of misconduct. He was served an "Order of Removal" from the mayor on December 22, 2022.

{¶3} Rodriguez filed a notice of appeal with the Galion Civil Service Commission ("the Commission") on December 28, 2022. After reviewing the matter, the Commission affirmed the mayor's termination of Rodriguez on February 8, 2023.

{¶4} It is undisputed that Rodriguez never filed a notice of appeal with the Commission. However, on March 8, 2023, Rodriguez filed a notice of appeal in the

Crawford County Common Pleas Court. The record reflects that the Crawford County Clerk of Courts sent the notice of appeal to the Commission on March 8, 2023, but there is no indication as to what specific date the notice was received. The return receipt was signed, but the date of actual delivery was blank. The receipt was then returned and file-stamped by the Crawford County Clerk of Courts on March 15, 2023.

{¶5} Galion filed a motion to dismiss Rodriguez's appeal arguing that the common pleas court lacked subject matter jurisdiction to hear the case because Rodriguez failed to timely file a notice of appeal *with the Commission* as required under R.C. 2505.04. Galion attached the affidavit of Matthew Echelberry, the Secretary of the Commission, to the motion to dismiss. Echelberry averred, *inter alia*, that no notice of appeal regarding the Commission's decision had been received by any of the current Commissioners. However, the signature on Echelberry's affidavit appears to be the same as the signature on the "return receipt" from the service by the common pleas court.

{¶6} Rodriguez filed a response to Galion's motion to dismiss contending that the Commission's ordinances provided their own avenue of appeal separate and distinct from R.C. 2505.04, thus his failure to comply with R.C. 2505.04 was irrelevant.

{¶7} On July 19, 2023, the trial court filed a decision granting Galion's motion to dismiss finding that, "As of March 23, 2023 [Rodriguez] has not filed a

Notice of Appeal with the Commission nor did he 'timely' serve the Commission with his notice of Appeal with the Common Pleas Court." The trial court noted that pursuant to *Welsh Dev. Co. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, at syllabus, the appeal could have been deemed perfected if the clerk of courts served the Commission with a copy of the notice of appeal within Rodriguez's 30-day appeal window. However, the trial court found unequivocally that the Commission was not timely served by the clerk of courts. The trial court then rejected Rodriguez's argument that the Commission's rules created its own avenue of appeal that did not require compliance with R.C. 2505.04 and determined that the Commission was not timely served.

{¶8} On August 7, 2023, the trial court filed its final judgment entry granting Galion's motion to dismiss. Rodriguez now appeals, asserting the following assignment of error for our review.

### Assignment of Error

**The Crawford County Court of Common Pleas erred in its determination that it lacked jurisdiction to hear Appellant Marc Rodriguez' appeal of his discharge from employment with the City of Galion, and the subsequent upholding of that discharge by the City of Galion Civil Service Commission.**

{¶9} In his assignment of error, Rodriguez argues that the trial court erred by granting Galion's motion to dismiss.

Standard of Review

**{¶10}** The trial court granted Galion's motion to dismiss pursuant to Civ.R. 12(B)(1), which permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. Subject matter jurisdiction involves a court's power to hear and decide a case on the merits and does not relate to the rights of the parties. *Duff v. Ohio Adult Parole Authority*, 2017-Ohio-8895, 100 N.E.3d 1144, ¶ 5 (10th Dist.). Importantly, when subject-matter jurisdiction is challenged, the party claiming jurisdiction bears the burden of demonstrating that the trial court has jurisdiction over the subject matter. *Pivonka v. Corcoran*, 162 Ohio St.3d 326, 2020-Ohio-3476, ¶ 34.

**{¶11}** Notably, a trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction pursuant to a Civ.R. 12(B)(1) motion to dismiss. *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211, 358 N.E.2d 526, 527 (1976), at syllabus. We review a decision granting a Civ.R. 12(B)(1) motion to dismiss de novo. *Greenberg v. Heyman-Silbiger*, 2017-Ohio-515, 78 N.E.3d 912, ¶ 19 (10th Dist.).

Analysis

**{¶12}** Generally, the provisions of R.C. 2505 govern proceedings brought in the common pleas court on appeal from a decision by a municipal civil service commission such as the removal of a chief of police. *Slusser v. Celina,* 3d Dist. Mercer No. 10-15-09, 2015-Ohio-3721, ¶ 20. Pursuant to R.C. 2505.07, an appeal

-5-

from a commission's decision "shall be perfected, unless otherwise provided by law" in "thirty days."

{¶13} Revised Code 2505.04 provides the procedure for perfecting an administrative appeal of this type to the common pleas court. *See Welsh*, *supra*, at syllabus. Revised Code 2505.04 reads as follows:

> *An appeal is perfected when a written notice of appeal is filed*, in the case of an appeal of a final order, judgment, or decree of a court, in accordance with the Rules of Appellate Procedure or the Rules of Practice of the Supreme Court, or, in the case of an administrative-related appeal, *with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved.* If a leave to appeal from a court first must be obtained, a notice of appeal also shall be filed in the appellate court. After being perfected, an appeal shall not be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional.

(Emphasis added.)

{¶14} According to the plain statutory language of R.C. 2505.04, in order to perfect an appeal to the common pleas court from a final judgment of a commission, Rodriguez had to file a timely notice of appeal *with the Commission. See Slusser*, *supra*. Rodriguez did not file a notice of appeal with the Commission at all, thus he failed to comply with R.C. 2505.04.

{¶15} However, the Supreme Court of Ohio determined in *Welsh Dev. Co. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, that "[a]n administrative appeal is considered filed and perfected for purposes of R.C. 2505.04 if the clerk of courts serves upon the administrative agency a copy

of the notice of the appeal filed in the court of common pleas and the administrative agency is served within the time period prescribed by R.C. 2505.07." In *Welsh*, the Supreme Court of Ohio determined that the "purpose" of R.C. 2505.04 "is to give timely notice of the appeal to the administrative agency." *Id*. at ¶ 41.

{¶16} Here, Rodriguez filed a notice of appeal only in the common pleas court, which was not compliant with R.C. 2505.04. However, the "notice" would have been sufficient under *Welsh* <u>if</u> the clerk of courts served the Commission within Rodriguez's original 30-day appeal window, which would have ended March 10, 2023. The record reflects that the clerk of courts received Rodriguez's notice of appeal on March 8, 2023, and that the clerk of courts then sent the notice to the Commission that same day via certified mail at the request of Rodriguez's attorney. (Doc. No. 2). The certified mail was received and signed for, but the receipt was not dated. The return receipt was file-stamped March 15, 2023. Accordingly, we are able to determine only that the notice of appeal sent by the clerk of courts to the Commission was received and returned between March 8, 2023 and March 15, 2023.[1]

{¶17} In its judgment entry granting Galion's motion to dismiss, the trial court stated that the following "fact" appeared to be "agreed" upon by the parties with regard to the commission being served:

---

[1] What we do know is that the affidavit from the Secretary of the Commission claiming that the commissioners never received the notice of appeal is, at least to some extent, misleading given that it appears the secretary's signature is the same on the affidavit and the certified mail receipt.

3. As of March 23, 2023 Appellant has not filed a Notice of Appeal with the Commission nor did he "timely" serve the Commission with his notice of Appeal with the Common Pleas Court."

While it does appear clear from the record that *Rodriguez* never filed a timely notice of appeal with the Commission, the record is not clear with regard to whether the notice of appeal sent by the clerk of courts was received by the Commission by March 10, 2023. On this basis, we do not agree with the trial court that it is a "fact" that the Commission was not timely served in a manner that the *Welsh* decision indicated was satisfactory.

{¶18} After reviewing the record before us, we are unable to determine when the Commission received actual notice of Rodriguez's appeal. If the Commission did receive the notice of appeal from the clerk of courts by March 10, 2023—two days after it was mailed—then, under *Welsh*, the trial court had subject matter jurisdiction. If the Commission did not receive the certified mail until after March 10, 2023, then the trial court lacked subject matter jurisdiction.

{¶19} Even though we cannot discern from the record when the Commission received notice, we can discern from the record that the trial court's factual "finding" was not accurate. Thus, this matter is reversed for further proceedings to determine whether *Welsh* should apply here and to determine if dismissal is actually appropriate. Therefore, Rodriguez's assignment of error is sustained.

*Conclusion*

**{¶20}** Having found error prejudicial to Rodriguez in the particulars assigned, his assignment of error is sustained and the judgment of the Crawford County Common Pleas Court is reversed.

***Judgment Reversed***
***and Cause Remanded***

**WILLAMOWSKI, P.J., and ZIMMERMAN, J., concur.**

**/eks**