[Cite as *Rodriguez v. Galion*, 2025-Ohio-142.]

**IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
CRAWFORD COUNTY**


MARK RODRIGUEZ,

    CASE NO. 3-24-19

    PLAINTIFF-APPELLANT,

  v.

CITY OF GALION,          **O P I N I O N**

    DEFENDANT-APPELLEE.


**Appeal from Crawford County Common Pleas Court
General Division
Trial Court No. 23 CV 0050**

**Judgment Affirmed**

**Date of Decision: January 21, 2025**


**APPEARANCES:**

    *Gary A. Reeve* **for Appellant**

    *Jeffrey A. Stankunas* **and** *Gareth A. Whaley* **for Appellee**

**WALDICK, P.J.**

{**¶1**} Plaintiff-appellant, Mark Rodriguez ("Rodriguez"), brings this appeal from the June 25, 2024 judgment of the Crawford County Common Pleas Court granting the motion to dismiss filed by defendant-appellee, City of Galion ("Galion"). On appeal, Rodriguez argues that the trial court erred by dismissing his administrative appeal for lack of subject matter jurisdiction because the appeal was not timely filed. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{**¶2**} This is Rodriguez's second appeal to this Court. In his prior appeal, *Rodriguez v. Galion*, 2024-Ohio-129, ¶ 2-4, we provided the following relevant background details:

> In May of 2021, Rodriguez was appointed Chief of Police of the Galion Police Department. In the ensuing years, multiple women made allegations of improper conduct by Rodriguez. After the matter was investigated, it was determined that Rodriguez had committed seven counts of misconduct. He was served an "Order of Removal" from the mayor on December 22, 2022.
>
> Rodriguez filed a notice of appeal with the Galion Civil Service Commission ("the Commission") on December 28, 2022. After reviewing the matter, the Commission affirmed the mayor's termination of Rodriguez on February 8, 2023.

It is undisputed that Rodriguez never filed a notice of appeal with the Commission. However, on March 8, 2023, Rodriguez filed a notice of appeal in the Crawford County Common Pleas Court.

**{¶3}** The Crawford County Clerk of Courts mailed Rodriguez's notice of appeal to the Commission on March 8, 2023, but there was no indication in the record at the time of when the Commission received the notice. Galion then filed a motion to dismiss Rodriguez's appeal, arguing that "the common pleas court lacked subject matter jurisdiction to hear the case because Rodriguez failed to timely file a notice of appeal *with the Commission* as required under R.C. 2505.04." *Id*. at ¶ 5.

**{¶4}** The trial court granted Galion's motion to dismiss, finding that he had not established that he had timely served the Commission with his notice of appeal. *Id*. at ¶ 7. Rodriguez appealed to this Court, and we reversed the trial court's decision, holding:

> Rodriguez filed a notice of appeal only in the common pleas court, which was not compliant with R.C. 2505.04. However, the "notice" would have been sufficient under [the Supreme Court of Ohio's holding in] *Welsh* [*Dev. Co. v. Warren Cty. Regional Planning Comm.*, 2011-Ohio-1604] if the clerk of courts served the Commission within Rodriguez's original 30-day appeal window, which would have ended March 10, 2023. The record reflects that the clerk of courts received Rodriguez's notice of appeal on March 8, 2023, and that the clerk of courts then sent the notice to the Commission that same day via certified mail at the request of Rodriguez's attorney. (Doc. No. 2). The certified mail was received and signed for, but the receipt was not dated. The return receipt was file-stamped March 15, 2023. Accordingly, we are able to determine only that the notice of appeal sent by the clerk of courts to the

Commission was received and returned between March 8, 2023 and March 15, 2023.

(Emphasis in original) *Id.* at ¶ 16. We remanded the case to the trial court to determine if the Commission actually received the notice of appeal from the common pleas court within the 30-day appeal window.

{¶5} After remand, the trial court held a hearing to determine when the Commission was served with a notice of appeal by the common pleas clerk of courts. Following the hearing, the trial court determined that the evidence established the Commission received notice on March 13, 2023.

{¶6} The trial court relied on our prior opinion, where we stated that Rodriguez's appeal window ended March 10, 2023. Because Rodriguez did not cause the Commission to be served within the 30-day appellate window, the trial court determined that it lacked subject matter jurisdiction and dismissed the appeal.

{¶7} The trial court's final judgment entry was filed June 25, 2024. It is from this judgment that Rodriguez appeals, asserting the following assignment of error for our review.

### Assignment of Error

**The Crawford County Court of Common Pleas erred in its determination that it was forced to follow the "law of the case" in declining to hear Appellant Mark Rodriguez' appeal of his discharge from employment with the City of Galion, and the subsequent upholding of that discharge by the City of Galion Civil Service Commission.**

{¶8} In his assignment of error, Rodriguez argues that the trial court erred by dismissing his administrative appeal for lack of subject matter jurisdiction. More specifically, Rodriguez argues that the trial court erred by finding that this Court definitively established that the 30-day appellate window began on February 8, 2023, the day the Commission's decision was rendered. Rodriguez argues that the appeal window should have begun on February 9, 2023, when the Commission's decision was mailed to Rodriguez.

Standard of Review

{¶9} The trial court granted Galion's motion to dismiss pursuant to Civ.R. 12(B)(1), which permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. Subject matter jurisdiction involves a court's power to hear and decide a case on the merits and does not relate to the rights of the parties. *Duff v. Ohio Adult Parole Authority*, 2017-Ohio-8895, ¶ 5 (10th Dist.). Importantly, when subject-matter jurisdiction is challenged, the party claiming jurisdiction bears the burden of demonstrating that the trial court has jurisdiction over the subject matter. *Pivonka v. Corcoran*, 2020-Ohio-3476, ¶ 34.

{¶10} Notably, a trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction pursuant to a Civ.R. 12(B)(1) motion to dismiss. *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211 (1976), at syllabus. We review a decision granting a Civ.R. 12(B)(1)

motion to dismiss de novo. *Greenberg v. Heyman-Silbiger*, 2017-Ohio-515, ¶ 19 (10th Dist.).

Analysis

{¶11} The salient facts in this case are not in dispute. The Commission heard Rodriguez's appeal on January 23-24, 2023. The Commission then held a "Special Meeting" on February 8, 2023, "to present the Final Orders of the Commission." The final orders were read "verbatim," affirming Rodriguez's termination. The final order was mailed to Rodriguez on February 9, 2023.

{¶12} Rodriguez filed a timely notice of appeal with the common pleas court on March 8, 2023. However, in order to perfect his administrative appeal, he had to provide timely notice to the Commission as well. Rodriguez never filed any notice of appeal with the Commission. Nevertheless, the Crawford County Clerk of Courts mailed Rodriguez's notice of appeal to the Commission on March 8, 2023. After remand, evidence established that the Commission received notice of Rodriguez's appeal on March 13, 2023.

{¶13} In Rodriguez's initial appeal, we indicated that his 30-day appeal window began when the Commission's final order was issued on February 8, 2023. This would render the final day for Rodriguez to provide a notice of appeal to both the common pleas court and the Commission as March 10, 2023. Facially, Rodriguez did not file a timely notice of appeal with the Commission.

{¶14} However, Rodriguez now argues that the actual date that should be used for calculating his time to appeal should be February 9, 2023, the day the final order of the Commission was mailed to him. Further, he argues that the trial court erred by determining that our prior opinion in Rodriguez's first appeal constituted the "law of the case" with regard to February 8, 2023 being the final order date. He argues that when our prior opinion indicated that February 8, 2023 was the date of the final order, it was in *dicta*. Further, he argues that even if the language was not *dicta*, the "law of the case" doctrine should not be applied here because it would achieve unjust results, citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984), in support.

{¶15} We will assume, for the sake of argument, that the language in our prior opinion, if incorrect, would achieve an unjust result such that the law of the case doctrine should not be applied. However, as statutory authority and case authority support the statement in our prior opinion that the final order was rendered February 8, 2023, the trial court's application of "the law of the case" doctrine is irrelevant.

{¶16} The issues raised by Rodriguez have been decided by the Supreme Court of Ohio in *State ex rel. Cox v. Youngstown Civ. Serv. Commission*, 2021-Ohio-2799, wherein the court decided both what constitutes a final order from an administrative body and when the time period for an appeal of that decision to the common pleas court began. In *Cox*, the Supreme Court of Ohio conducted the following analysis:

> Our decision in *State ex rel. Hanley v. Roberts*, 17 Ohio St.3d 1, 4, 476 N.E.2d 1019 (1985), establishes that the commission's approval of its minutes from the June 19, 2019 meeting constituted a final order within the meaning of R.C. 2506.01 and 2505.07. In *Hanley*, we considered what form a civil-service-commission order must take to become final within the meaning of former R.C. 2506.01 and 2505.07. In doing so, we quoted approvingly from the trial court's observation in *Grimes v. Cleveland*, 17 Ohio Misc. 193, 195-196, . . . (C.P.1969), that the " 'form of written entry of a decision of an administrative board should be the written minutes of its meeting at which the decision was rendered.' " *Hanley* at 4-5, 476 N.E.2d 1019.

Thus, based on the analysis in *Cox*, the final order was the Commission's written minutes, which was issued, along with the written decision, on February 8, 2023.[1]

{¶17} Notably, *Cox* further undermines Rodriguez's argument in this case by indicating that mailing of the actual decision can be irrelevant to the perfection of an appeal. "R.C. 2505.07 does not require the decision-maker to serve its final order on the affected party in order for that party to institute an appeal in common pleas court. * * * And Cox does not point to other statutory language within R.C. Chapters 2505 or 2506 requiring that he be served by the commission before he is able to perfect his appeal." *Cox* at ¶ 25. Thus there is no support for Rodriguez's argument that the date of mailing of the final appealable order should be used to determine the date of the final order over the date of the decision. *See also*, *State ex*

---

[1] The Supreme Court of Ohio's holding in *Cox* is consistent with its earlier holding in *Welsh Dev. Co. v. Warren Cty. Regional Planning Comm.*, 2011-Ohio-1604, ¶ 40, where it stated that "The administrative agency must still receive the appropriate complaint and notice within 30 days after entry of the final administrative order." In *Welsh*, the Supreme Court of Ohio specifically stated 30 days after "entry of the final administrative order" not 30 days after the final order was mailed or 30 days after the order was received.

*rel. Youngstown Civil Service Commission v. Sweeney*, 2023-Ohio-3006 (reaffirming relevant statements made in *Cox.*).

{¶18} Rodriguez cites *Safety 4th Fireworks, Inc. v. Liberty Twp. Bd. of Trustees & Liberty Twp. Bd. of Zoning Appeals*, 2019-Ohio-3435 (12th Dist.), claiming that it supports his argument that the date of mailing should be used in this case. However, *Safety 4th* is readily distinguishable *and* it predates *Cox*. Thus to any extent that Rodriguez argues that *Safety 4th* would provide support contrary to *Cox*, the Twelfth District's decision would have no persuasive authority.

{¶19} In sum, in order to perfect his appeal of the Commission's decision, Rodriguez had to provide notice to both the common pleas court and the Commission within 30 days. R.C. 2505.04. Although Rodriguez properly filed a notice of appeal within 30 days to the common pleas court, he did not timely file any notice with the Commission. Pursuant to *Welsh*, the appeal could still be saved *if* the common pleas court served notice on the Commission within the 30 day appellate period. Here, the notice of appeal was received by the Commission just outside of the 30-day window. Therefore, pursuant to R.C. 2505.04 and *Welsh*, the trial court did not have subject matter jurisdiction to hear the appeal.

{¶20} We are not unsympathetic to the fact that Rodriguez is merely attempting to have his appeal heard; however, the failure to timely file an administrative appeal divests the trial court of jurisdiction over the matter. Because

Rodriguez failed to timely perfect his appeal, his appeal was properly dismissed. Therefore, Rodriguez's assignment of error is overruled.

*Conclusion*

{¶21} Having found no error prejudicial to Rodriguez in the particulars assigned and argued, his assignment of error is overruled and the judgment of the Crawford County Common Pleas Court is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI, and MILLER, J. J., concur.**

**/jlm**